Brush
v.
Robinson and
another.

ALEXANDER BRUSH, Assignee of the Sheriff,
Appellant,

*against*

SILAS ROBINSON and another, Appellees.

The certificate of a Judge of the County Court and Justice of the Peace prescribed in the act entitled, an act relative to gaols and gaolers, and for the relief of persons imprisoned therein, passed March 9, 1797, delivered to a prisoner admitted to the liberties of the prison, is a sufficient bar to an action brought by the sheriff or his assignee upon the bail-bond, and escape assigned as a breach without setting forth other than substantially and as inducement, the mesne process. That all exceptions to such process must be taken before the Court holden by the Judge and Justice. That the Supreme and County Courts cannot judge

THE plaintiff declared upon a bail-bond executed by the defendants on the 21st of *March*, 1800, as sureties to *Charles Follet*, for the liberties of the prison, to the sheriff of *Bennington* County, and by him assigned to the plaintiff, the original creditor; and then assigned the escape of *Follet* in breach of the bond.

The defendants pleaded in bar (*first reciting the process in substance*) the following certificate, to wit:

*State of Vermont.*

*Bennington County*, ss.   To all people to whom these presents shall come, greeting.

Whereas *Charles Follet*, a prisoner in the common gaol in *Bennington*, in the County of *Bennington*, on an execution at the suit of *Alexander Brush*, of *Vergennes*, in the County of *Addison*, for the sum of fifty-two dollars and fifty cents damages on a promissory note, and seven dollars twenty-five cents costs of suit, with twenty-five cents more for said writ of execution, signed by *Thomas Byrd*, Esquire, Justice of the Peace, dated at *Vergennes* the 25th day of *January*, A. D. 1800, has this day taken the oath prescribed in an act entitled, an act relating to gaols and gaolers, and for the relief of persons imprisoned

over the Court of Gaol Delivery, as it is vulgarly called, where the process is merely *voidable*, but only where it is *void ab initio.*

2

therein, the said *Alexander Brush* being duly notified
did not attend, and in our opinion the said *Charles
Follet* ought to be discharged.

       Brush
       v.
Robinson and
  another.

Witness our hands at *Bennington*, in the County
of *Bennington*, this 19th day of *August*, 1800.

> , *Solomon Wright*, Assistant Judge of
> the County Court.
>
> *Ephraim Smith*, Just. Pacis.

The plaintiff prayed *oyer* of the record of the process, which was read to him, and then demurred to the plea, and took several exceptions to the process of the Judge and Justice's Court. After an elaborate argument, especially upon the operative force of such certificate, the Court adjourned the cause to the next stated term to advise; and at the *January* term, 1804, of this County, the Chief Judge pronounced the unanimous opinion of the bench:—

That the certificate of a Judge of the County Court and Justice of the Peace, prescribed in the act entitled, an act relating to gaols and gaolers, and for the relief of persons imprisoned therein, passed *March* the 9th, A. D. 1797, delivered to a prisoner admitted to the liberties of the prison, is a sufficient bar to an action brought by the sheriff or his assignee upon the bail-bond, and escape assigned as a breach, without setting forth other than substantially and as inducement, the mesne process. That all exceptions to such process must be taken before the Court holden by the Judge and Justice. That the Supreme and County Courts cannot judge over the Court of Gaol Delivery, as it is vulgarly called, where the

Brush
v.
Robinson and
another.

process is merely *voidable*, but only where it is *void ab initio*.

Judgment, that plea in bar is sufficient.

This decision has not been since shaken.*

*Daniel Chipman* and *Amos Marsh*, for plaintiff.
*Lott Hall*, for defendant.  ·

---

* Vide *ante*, this volume, page 221. *Zachariah Childs*, Assignee of *Rankin*, sheriff, v. *James Morse* and *Levi Osgood*.