*Hodges,* for defendant.

———◦———

BENNINGTON COUNTY, FEBRUARY TERM, 1828.

*Elijah D. Hubbell* vs. *Austin Dimick, and others.*

That a plea in bar of a *swearing-out-process,* must contain those averments which show substantially, that the commissioners had jurisdiction, and had the parties properly before them.

That, if a Judge of the County Court acts instead of a Commissioner, the reason of that must appear in the plea.

That the citation, in such case, must be served on the creditor in the execution, not on the original payee of an indorsed note.

THIS was an action of debt brought upon a prison bond, given

Bennington, Feb. 1828.  by the defendant to procure the liberties of
Hubbell vs. Dimick et als.  the prison for *Dimick*, when confined on an
execution in favor of the plaintiff.

The defendants pleaded in bar, in substance, that the judgment
was rendered upon a note made payable to one *Turner Hills*, or
order, and by him indorsed to the plaintiff; that said *Hills* has
ever remained, and yet is, the real creditor; that he indorsed the
note in trust for himself to the plaintiff, who was son-in-law to
*Truman Squires*, one of the commissioners of jail delivery for
said county, and cousin to the other two commissioners. The
plea then sets forth a swearing out by said *Dimick*, before said
*Squires*, as commissioner, and *Sylvanus Danforth*, a Judge of the
County Court; that the citation to show cause against his taking
the oath was served on *Hills*, but not on the plaintiff, the plaintiff
having no interest in the suit; that said *Dimick* was admitted to,
and took the oath, and obtained his certificates in the usual form.
After which, but never till then, he departed from said liberties, &c.

To this plea the plaintiff demurred, and the defendant joined
in demurrer.

*Mr. Kellogg, in support of the demurrer.* It is contended on
the part of the defendants, that the doctrine is well settled, that
nominal parties, plaintiff or defendant, cannot control the suit;
but courts will always look to the real parties, and protect their
rights; and it would seem to follow as a matter of course, that all
notices, &c. should be given to the real party and not to the nom-
inal one; otherwise, their rights would not be effectually protected.
Besides, it appears from the present case, that *Hubbell* was made
plaintiff for the express purpose of evading the provisions of an
humane statute, and thereby preventing the poor prisoner from
obtaining his liberty, *Hubbell* being related to all of the commis-
sioners, and *Hills*, the real plaintiff, to two of them.

But it may be said that it does not appear from the plea, that
*Hills*, the real plaintiff, was related to two of the commissioners,
and, therefore the Judge of the County Court could not act in the
case, the statute only authorizing a Judge of the County Court to
act in cases where two of the commissioners are rendered inca-
pable of acting by reason of relationship, or otherwise. To this
it is answered by the defendants, that there is nothing in the

pleadings which shews that *Hills* was not $\left\{\begin{array}{l}\text{Bennington, Feb. 1828.} \\ \text{\textit{Hubbell} vs. \textit{Dimick et als.}}\end{array}\right.$ related to the two commissioners who did not act in the case, or that they were not incapacitated ; it is, therefore, to be presumed, that they could not legally act; otherwise, the Judge of the County Court could have no jurisdiction to act in the case; but every court is presumed to have acted within its jurisdiction, or to have had jurisdiction in the case in which they have acted, until the contrary appears.

Again, certificates having been given by said court of Jail delivery, they are conclusive; and no exception can be taken to the jurisdiction of the court at this stage of the proceedings. It should have been taken at the court of Jail delivery. *Hills*, the real plaintiff, having been cited to appear before the commissioners and the judge, as stated in the plea, to shew cause, &c. should have appeared and objected to the jurisdiction; having neglected, and nothing now appearing to shew that they had not authority to act, we think it is to be presumed that they had authority, and that the debt ought not to be thrown upon an innocent bondsman ; especially, as it does appear from the plea that the original debtor was poor, and a fit subject for the poor debtor's oath : that this was well known to *Hills*, the real plaintiff, and that he intended to deprive him of the benefit of the poor debtors act, by assigning his demand to *Hubbell*, the present plaintiff, without the knowledge or consent of *Hubbell*.

This Court cannot judge over the court of jail delivery, in a case where the process was merely voidable, and not absolutely void, as we think is the present case. *Brayton*, 199–200.—2 *Tyler*, 221–358.— *Chip. Rep.* 14.

*Church* and *Isham for the plaintiff.* It is contended, in this case, that the facts, as set forth in the defendant's plea in bar, constitute no defence to the plaintiff's action ; and the reasons are—1. That from the facts there stated, it appears that in order to obtain the certificate of insolvency, which is pleaded in bar to this action, the citation to the creditor was not served upon the plaintiff of record, but upon *Turner Hills*, who, it is stated, has an interest in the debt. The *stat.* (*p.* 221) requires notice to be given to the " *creditors in such execution.*" And the manifest intention of the Legislature in the passage of the act was, that this citation

Bennington, Feb. 1828. } should be served upon the creditor, who
*Hubbell* vs. *Dimick et als.* } appears as such upon the record.    And
it is for the safety and security of the debtor, that such
should be the construction given to the statute—indeed, it
would be a great inconsistency to say that one was so far a creditor
as to recover a judgment and obtain an execution, and yet not
such a creditor, upon whom a citation is to be served to divest him
of that interest obtained by the judgment.  2. But if the court
should be of opinion that the proceeding was correct in the service
of the citation upon *Turner Hills*, and that the same proceedings
are to be had as if he was a party upon the record—still, the cer-
tificate of insolvency should have been obtained from the persons
mentioned in the plea as Commissioners of Jail Delivery—although
it does appear from the plea that they were disqualified to preside,
in case *E. D. Hubbel* is to be considered as the creditor—yet it
does not appear from the plea that the Commissioners were disqual-
ified by reason of interest or relationship, or in any other way, if
*Turner Hills* is the creditor upon whom the service of the citation
is to be made.    Considering the case, therefore, in either point
of view, the proceedings under which that certificate was ob-
tained, are clearly *coram non judice, and void.*

HUTCHINSON J. delivered the opinion of the court.    After no-
ticing the state of the pleadings, and the questions thence arising,
he proceeded as follows, to wit :

If *Hills*, the indorser of the note to the plaintiff, be the real cred-
itor, as the defendant contends, no reason is assigned in the plea
why the other two commissioners, who were not called upon, could
not have formed the court without applying to a judge of the
County Court.    If so, the judge of the County Court had no right
to act, and his proceedings are *coram non judice.*    And if *Hub-
bell*, the nominal plaintiff, was the real creditor, it does appear by
the plea that *Mr. Squires* had no right to act, he being father-in-
law to *Hubbell.*    The plea therefore, comes short of showing by
positive averments, that the persons who formed the court were
the ones designated by law to act in the case.    But it is contend-
ed by the defendants, that the commissioner and judge, having
held their court, and admitted the prisoner to the oath, and given
him the requisite certificates, this furnishes a complete bar to the

action upon the prison-bond.

. If this be correct, the plea in bar need only have stated those facts, without adding the various other facts in the plea as inducements to those which it is thus contended are sufficient of themselves. The defendants' counsel refer to several authorities which they consider in point.

In *Brayton's Rep.* 199–200, in the case of *Thornton* vs. *Robinson and Howard*, the court say that the certificates are conclusive. The case is very concisely reported, but it may well be inferred from what is reported, that the plea set forth the whole proceedings, and that the only defect the counsel could find was, that, when the creditor could not be found, the service was made on the attorney of record; and in such an event the statute provides for such service on the attorney. In the case of *Smith et al.* vs. *Quinton, Id.* 200—the court say that the proceedings are regular on the face of them, and that the fraud of the debtor in procuring his certificates should not operate to charge the sheriff or bail. The case in 2 *Tyler*, 221, is more in point; for the court do incline to the opinion that the certificates alone are a good defence for the sheriff or bail. But the case only required a decision that the unsubstantial irregularities, which might possibly avail in abatement, should not vitiate the whole proceedings, after a decision upon the merits, and what might be said by the court, out of the case, is not of binding force as authority. In 2 *Tyler*, 358, *Brush* vs. *Robinson, et al*—the same court say "the certificates, &c. are a sufficient bar to an action upon the bail bond, without setting forth other than substantially, and as inducement, the *mesne process*. Nothing appears in the case, how fully the prior proceedings were set forth. Hence we may well presume they were substantially set forth. The case of *Paine* vs. *Ely et al.* in *Chip. R.* 37, requires a great degree of punctilious averment of the proceedings, prior to the certificate; more, perhaps, in their reasonings than would now be required, though the decision itself was clearly correct, the board that acts in the process of swearing-out, being of special and limited jurisdiction, we consider it cannot be a sufficient defence to set up merely the decision, the taking the oath, and the certificates. The plea must also contain those prior proceedings which show the subject properly before the

I I

board, so that it may well be said that they have jurisdiction.    Not that we would decide that every irregularity which, if pleaded, might avail to abate the citation, shall render void the proceedings, after a hearing upon the merits.    Where there is fair notice to the creditor, a neglect to plead any proper matter in abatement may be considered a waiver, as much in the cases of swearing-out-process, as in other suits.    But the plea must set up a complaint, and citation, and notice to the creditor, in order to show that the commissioners not only have jurisdiction of the subject matter, but so have the parties before them, that they have a right to act in the particular case.    This is the case when the proceedings are before commissioners: but much more so when one or more judges of the County Court are called to act; in every such case, the plea should state the disability of as many Commissioners, as there are judges of the County Court who are called upon to act. Nothing less than this can show that such judges have a right to act; or, in other words, have jurisdiction of the cases.    All this was supposed to be law, by the person who drew the plea in the present case; but he was perplexed with the want of proper materials to form a plea that would conform to these salutary and practical principles.

The plea states the plaintiff to have no interest in the suit. This was done for the purpose of showing the propriety of serving the citation upon *Hills*, the indorser, instead of the plaintiff. Should we consider this to be correct, and that notice to *Hills* was all that was necessary, still the plea alleges no incapacity of either of the commissioners, to decide the case as between *Hills* and the debtor; therefore, no reason is set forth for calling the judge to act; of course, the County Court judge, and one commissioner who granted the certificates, had no jurisdiction, and their doings were void.    On this ground the plea cannot be supported.

The plea, however, states that the plaintiff is son-in-law to *Mr. Squires*, and cousin to each of the other commissioners.    This furnishes a good reason for calling in judges to act altogether, and excludes all the commissioners.    But the plea shows that the business was done by one judge of the County Court, and *Mr.*

*Squires*, who was father-in-law to the ⎰ Bennington, Feb. 1828.
plaintiff, and who, of course, could not act ⎱ *Hubbell* vs. *Dimick et als.*
in the case, and could have no jurisdiction.   If then, the plaintiff,
the creditor in the execution, is to be considered the party, the
proceedings are void, even if not otherwise irregular.   But the
plea shows that the citation was directed to be, and was, served
upon *Hills*, and not upon the plaintiff; and the defendant contends
that he is at liberty to regard only the party in interest, and that
the facts set up in his plea entitle him to treat *Hills* as the credit-
or, though the execution was not in his favor.   This principle is
correct, as applicable to payments or offsets of which defendant
would avail himself, and which existed before he had notice of the
assignment; but is not correct, as applicable to the question, who is
the creditor that is entitled to notice ?   The statute is express that
it must be the creditor in the execution.   And how far the nom-
inal, is the real plaintiff, whether he has *bona fide* paid for the
note, or has only become trustee of the real owner for the purposes
of convenience in collection, are questions between the assignor
and assignee, with which the defendants have no concern, in rela-
tion to swearing-out-process and notice preparatory to the same.
Payment made to *Hubbell* would answer the purpose of the defen-
dants, and notice to him cannot be dispensed with.   The defen-
dants, therefore, are not at liberty to urge, as material and travers-
able facts, what are alleged in the plea about *Hills* being still the
owner of the debt.   They do not at all aid the defence set up.
There is, therefore, no point of view in which this plea can be
supported.

   The judgment of the court is, that the plea in bar is insufficient,
and that the judgment of the County Court be affirmed with inter-
est and cost.

   *Church* and *Isham*, for plaintiff.
   *Kellogg*, for defendants.