LEICESTER EMERSON and WIFE *v.* the TOWN OF READING.

Emerson
*v.*
Town of
Reading.

A land owner, through whose land a public road has been laid out by the selectmen, cannot legally commence proceedings before a justice of the peace, for the assessment and recovery of damages, under the act relating to highways, passed November 15, 1820, until after the selectmen shall have left in the town clerk's office, for record, their certificate that the road has been opened.

If such land owner commences such proceedings before such certificate is left in the town clerk's office for record, and causes his damages to be assessed, and the justice issues his order therefor, the proceedings are void, although the adverse party was duly notified.

THIS was an action of debt, in which the plaintiffs declared, in substance, that heretofore, to wit, on the 22d day of November, 1835, the selectmen of the town of Reading laid out a road through the plaintiffs' land in said town and caused a survey thereof to be recorded, and afterwards, to wit, on the 20th day of May, 1839, without tendering to the plaintiffs, before opening said road, or at any other time, any recompense for the damages sustained by the plaintiffs in the premises, opened said road for public travel, and said road had ever since been open and publicly travelled; that the plaintiffs, being dissatisfied because no damages were tendered or paid to them, afterwards, to wit, on the 24th day of June, 1839, and within sixty days after the opening of said road, by petition, in writing, made application to Allen Wait, a justice of the peace residing in Windsor, a town adjoining said Reading, in the same county, for the appointment of a committee to appraise the damages sustained by the plaintiffs in consequence of the laying and opening said road; that said justice thereupon issued a citation to the said selectmen to appear before him at M. McKenzie's inn, in Windsor aforesaid, on the 27th day of July, 1839, to agree upon a committee to appraise said damages, which was duly served upon Rufus Forbush, one of the selectmen of Reading, and returned to said justice; that on the day and year last aforesaid, at McKenzie's inn, aforesaid, no one of said selectmen appearing before said justice, and the parties not having agreed in the appointment of a committee to appraise said damages, the said justice then and there, agreeably to the statute in such case made and provided, appointed three judicious and

WINDSOR,
*February*,
1842.

Emerson
*v.*
Town of
Reading.

disinterested persons, (naming them) freeholders of said Windsor, to appraise said damages, and issued a warrant to them for that purpose in due form of law, directing them to return said warrant and make a report of their doings in the premises to said justice on the 16th day of September, 1839 ; that said committee, having been duly sworn to the faithful peformance of the duties assigned them, and having given four days notice to said selectmen of the time when they would attend to the business assigned them, did view the premises and appraised the damages sustained by the plaintiffs, by reason of the laying and opening said road, at thirty dollars, and afterwards, on said 16th day of September, 1839, returned said warrant and made a report of their doings to said justice, and no sufficient cause being shown to the contrary, the said justice then and there established said return and made and subscribed his order in writing, of that date, directing said selectmen to pay to the plaintiffs, out of the treasury of said town of Reading, on demand, the said sum of thirty dollars as damages and the further sum of thirteen dollars and fifty-one cents costs ; that, on the tenth day of October, 1839, at said Reading, the plaintiffs presented said order to said selectmen for payment, but said selectmen neglected and refused to pay the same, whereby an action had accrued, &c.

The defendants pleaded that said road had not been opened by the selectmen, &c., and issue was joined to the court.

On the trial, in the county court, the following facts were proved.

The road in question was made in the years 1837 and 1838. It was travelled in the winter of 1837–8, and in the winter of 1838–9, but closed in the summer of 1838. In the spring of 1839, the road was continued to be used, and was specified in the rate bill of the highway surveyor of the district in which it lies, as one of the roads to be worked upon. The road was fenced, on both sides, and worked by the surveyor that year ; but no certificate of the opening of the road by the selectmen was left with the town clerk for record until after the commencement of the proceedings by the plaintiffs, described in their declaration. The proceedings before the justice were conceded to have been as described in the declaration.

WINDSOR,
February,
1842.

Emerson
v.
Town of
Reading.

Upon these facts the county court rendered judgment for the plaintiffs, and the defendants excepted.

*S. Fullam, Jun.*, for defendants.

This case presents the following question : Could any person, under the old statute, (Slade's Comp.) commence proceedings to obtain damages for laying a road over his land, before such road was opened by leaving a certificate in the town clerk's office ? We think he could not. See Stat., Slade's Comp. 427, sec. 1, chap. 53 ; do. 441, no. 10, sec. 1 and 2. *Patchin* v. *Doolittle et al.*, 3 Vt. R. 457. *Patchin* v. *Morrison*, do. 590. *Warren* v. *Bunnell*, 11 Vt. R. 600.

The road should be made before the certificate is lodged in the town clerk's office. *Patchin* v. *Doolittle*, above cited.

The certificate is the only proper evidence of the opening of the road. *Patchin* v. *Morrison*, 3 Vt. R. 593.

The owner of the land has a right to keep up his fences until a certificate is lodged in the town clerk's office, and any person is a trespasser who takes them down, except for the purposes of building the road. *Patchin* v. *Morrison*, above cited. *Patchin* v. *Doolittle*, above cited. *Warren* v. *Bunnell*, 11 Vt. R. 600.

Our statute gives to the owners of land, over which a road is laid, damages only when the road is opened in the manner above described. *Warren* v. *Bunnell*, above cited.

*C. Coolidge*, for plaintiffs.

1. If a road be made, opened *in fact* for public travel, fenced and separated as a highway, put in charge of a surveyor and wrought or repaired by him, under direction and warrant, and be publicly travelled, the whole constitutes a complete appropriation, acceptance and recognition of the road. In such a case, the owner of the land may demand his damages and pursue for them at law, notwithstanding a certificate of opening is not recorded, and notwithstanding, too, he might, at the same time, bar the way for want of such records.

2. The case is *res adjudicata.* The judgment of the justice is conclusive.

WINDSOR,
February,
1842.

Emerson
v.
Town of
Reading.

The opinion of the court was delivered by

ROYCE, J.—The bill of exceptions presents two questions for the consideration of this court.  1. Whether proceedings for the assessment and recovery of damages could legally be taken, before the selectmen had lodged for record, in the town clerk's office, their certificate that the road was opened ; 2. whether the rights of these parties are concluded by the proceedings which were had, and the final order of payment made by the justice, inasmuch as they have never been set aside or vacated.

The cases of *Patchin* v. *Morrison*, 3 Vt. R. 590, and *Warren* v. *Bunnell*, 11 Vt. R. 600, have fully determined, that the lodging the certificate is an act essential to consummate the opening of the road, at least so far as the landowner is concerned.  In both these cases it was decided, that, until the certificate was lodged for record, the owner of the land might lawfully fence in the road, and support trespass for an entry upon the land, for any purpose but that of making the road.  And it would be unreasonable to indulge him with an option to treat the road as opened before the certificate is lodged, when no one else can have that option against him.  And although the statute has inflicted no penalty upon the selectmen for neglecting to lodge their certificate for record, yet the landowner may generally coerce them to a compliance with the statute, by interdicting the use of the road.  Should this fail, they would doubtless subject themselves to punishment, at common law, for wilfully disregarding an official duty.  It is of no importance whether we treat this act of the selectmen as only admissible *evidence*, against the landowner, that the road is opened, as it seems to have been viewed in the former case, above cited, or as a legal requisite in the *act of opening* the road, as it was evidently regarded in the latter case.  The statute has fixed the period of sixty days next after the road is opened, as the time in which the owner of the land is authorized to resort to the measures pointed out for enforcing payment of his damages.  And hence it was well remarked by Collamer, J., in the case last cited, that ' our statute gives to the owners ' of land over which a road is laid, damages, only when the ' road is *opened* in the manner above described.'  Now the present case expressly finds, that when the proceedings of

these plaintiffs were instituted, no such certificate had been lodged for record. It might, therefore, result that at that time the right to damages had not become perfected, and the proceedings were prematurely commenced.

It should be remarked, in reference to the second question, that the defendants, though seasonably notified, do not appear to have attended at any stage of these proceedings, or in any manner to have assented thereto. Neither had the magistrate or committee any general and abiding jurisdiction of such a subject matter. The powers which they exercised are conferred only in a given case, and within a given period of time ; and, though partaking in some measure of a judicial character, they are altogether out of the course of common law. And according to the general principle which governs the exercise of special and extraordinary powers under a statute, the proceeding is deemed to be authorized in the particular case contemplated and described by the statute, but unauthorized, and therefore void, in all other cases. This short view of the subject is sufficient to dispose of this branch of the case. If the right to damages had not accrued, nor the event happened which alone could justify a resort to the proceedings in question, they can be of no avail as the basis of the present action.

Judgment of county court reversed.