<hr />

TOWN OF TUNBRIDGE *v.* DANIEL TARBELL, JR.

When the selectmen of a town lay out a highway, the town are entitled to the whole period, to the time when the road is ordered to be opened for work, to arrange and settle the question of damages with the land owners ; and a land owner cannot, previous to that time, petition a justice of the peace, under the statute, to appoint commissioners to appraise the damage sustained by him.

It is competent for the selectmen of a town and the owner of land, through which the selectmen have laid a highway, to settle the question of dam-

ages by a reference, pursuant to the provisions of the statute, at any time after the survey of the road, although the survey may not, at the time, have been recorded; and an award by the referees will preclude the land owner from bringing a petition for the appointment of commissioners to appraise his damages.

CERTIORARI from the decision of Calvin Blodgett, a justice of the peace, in appointing commissioners, upon the petition of the defendant, to appraise the damages sustained by him by reason of the laying out of a highway through his land by the selectmen of Tunbridge, and in accepting and rendering judgment upon the report of the commissioners, awarding damages to the petitioner.

It appeared from the return of the justice's proceedings, that on the first day of June, 1844, the selectmen of Tunbridge surveyed and laid out a public highway through land owned by the defendant, and ordered the same to be opened for work by the first day of December, 1844. This survey was recorded in the town clerk's office on the twenty-third of September, 1844. On the fourteenth of June, 1844, the defendant and one Moody, through whose land the highway was also laid, agreed with the selectmen to refer to certain arbitrators the question of damages; and the arbitrators awarded, upon the same day, that the defendant was not entitled to any damages, and that Moody was entitled to ten dollars. This award was also recorded in the town clerk's office, September 23, 1844. On the twenty-eighth of September, 1844, the defendant petitioned the justice, Blodgett, to appoint commissioners, pursuant to the statute, to appraise the damages sustained by him by reason of the laying out of the highway; and on the fourth of November, 1844, the matter came on for a hearing before the justice. The selectmen objected to the appointment of commissioners, on the ground that the matter had been adjudicated by the reference, above mentioned; but the petitioner insisted, that the reference was not binding upon him, for the reason that the selectmen had not caused the survey of the highway and the petition upon which it was founded to be recorded in the town clerk's office at the time the reference was had, and that they had not acquiesced in the award by paying the amount awarded to Moody nor delivered to him the award. The selectmen also objected to the appointment of commissioners upon the ground that the petition was premature. The justice overruled the

Tunbridge *v.* Tarbell.

objections and appointed commissioners, and subsequently accepted the report of the commissioners, awarding to the petitioner forty dollars damages, and ordered that amount, and the cost, to be paid to the petitioner by the first of May, 1845.

*A. P. Hunton* for plaintiffs.

There was error in the proceedings before the justice. 1. The defendant's claim for damages had been settled by a reference and award; Rev. St, 126, §§ 15, 16. 2. The application was made before the road was open to be worked; Rev. St. 126, § 16. The justice had no jurisdiction; *Emerson et ux. v. Reading,* 14 Vt. 279. *Paine v. Ely,* N. Ch. 20, 21. The town had no right to enter upon the land for any purpose, until the time fixed for opening the road to be worked had expired, and the damages paid, if agreed upon, or the sum awarded paid; Rev. St. 128, § 24. *Patchin v. Morrison,* 3 Vt. 590. *Stiles v. Middlesex,* 8 Vt. 436.

*L. B. Vilas* for defendant.

The record and proceedings are presumed to be legal, unless the contrary appears. 1. We insist, that the application for the appointment of commissioners may be made at any time, after the laying of the road, until sixty days after the road is opened to be worked. 2. The other objection is founded upon an arbitration as to the damages, before the road was legally laid out by causing the survey to be put upon record. The statute gives no power to refer the question of damages, until the road is laid out; and any proceeding of this kind, before the road is laid out, is not binding on the town, and consequently not binding on the petitioner.

The opinion of the court was delivered by

KELLOGG, J. It is insisted by the complainants, that the proceedings in the court below were prematurely commenced, inasmuch as the time fixed by law, when the road was to be open for work, had not arrived, when Tarbell presented his petition to justice Blodgett and procured the appointment of commissioners to assess his damages; and that for this error the proceedings before the justice should be quashed.

The time fixed by the selectmen, when the road should be open.

for work, was the first of December, 1844. It was the earliest period, which, by law, the selectmen could fix for that purpose, it being six months after the survey. Whether this exception is well taken must depend upon the construction of that clause of the statute, authorizing proceedings upon petitions for the re-assessment of damages. The statute provides, "That if any person interested in lands, through which a highway shall be laid out or altered by the selectmen, shall not be satisfied with the sum offered, or if no sum shall be offered, and if the parties shall not agree to refer the same, he may, within sixty days after the highway shall be opened to be worked, and not after, apply to a justice, by petition in writing," &c., " to appoint commissioners to appraise the damages."

We are not aware, that the question arising in the present case upon this section of the statute has ever been decided by this court. But the case of *Emerson et ux.* v. *Reading,* 14 Vt. 279, is believed to be somewhat analogous. It was a proceeding similar to the present, and upon a statute somewhat like the one, under which the present proceedings were had. It was held, in that case, that no proceedings could be taken under the statute by the land owners, to have their damages appraised, until sixty days after the road was opened by the selectmen; and that, until the road was opened, the justice had no jurisdiction of the subject. Applying the reasoning of the court in that case, to the case under consideration, it would seem to lead to the result, that the proceedings taken by the defendant before the justice, for the appraisal of his damages, were premature and unauthorized by the statute, and that the justice had no jurisdiction of the subject. Indeed, we think it very obvious, that the statute contemplates, that the towns shall have the whole period, up to the time when the road is ordered to be opened for work, to arrange and settle the question of damages with the land owners; and, upon the failure of the selectmen to do this, a period of sixty days thereafter is given to the land owners, to apply to a magistrate for the appointment of commissioners to appraise their damages. The proceedings before the justice were premature and erroneous.

It is farther urged, that there was error in the proceedings, in this, that, inasmuch as the selectmen and Tarbell had, by mutual agreement, submitted the claim for damages to referees, who had awarded

that Tarbell was not entitled to any damages, no commissioners should have been appointed, or farther proceedings had in the premises.

This award, for aught that appears, was valid and binding upon the parties. It was competent for the selectmen and Tarbell, by mutual agreement, to settle the question of damages by a reference, pursuant to the provisions of the statute, at any time after the survey of the road, although the same had not been recorded. The want of a record of the survey would not render the award invalid. It was therefore error to disregard the award of the referees made in the case. And for these errors the proceedings before Mr. Justice Blodgett must be quashed.