## SCHOOL DISTRICT NO. 1 OF WEYBRIDGE AND NO. 13 OF BRIDPORT *v.* THE TOWN OF BRIDPORT.

*Fractional school districts. Dissolution. Application to judge. When women may vote in school meeting. Public money. General assumpsit.*

1. The jurisdiction of a judge of a County Court to appoint three justices for the purpose of considering the ·dissolution of a fractional school district under R. L. s. 547, depends upon a strict compliance with the terms of the statute, and unless the application for such appointment is signed by three legal voters of the district residing in the same town, there being that number, the judge is without jurisdiction and all subsequent proceedings are void.

2. A woman is not a legal voter in a school district unless her list was actually taken in that town at the annual assessment next preceding. It is not enough that it ought to have been taken.

3. Nor, in case a woman takes, under her husband's will, the use of his property for a certain time, would a list to his "estate" be in effect a list to her.

4. A school district cannot recover of the town in general asumpsit that portion of the public money which ought to have been but was not allotted to it in ·the division by the selectmen.

5. The selectmen in making such division do not act for the town, but as public officers in the discharge of a public duty imposed by the statute.

This was an action of general assumpsit by fractional school district No. 1 of Weybridge and No. 13 of Bridport, for the amount of the public school money which should have been allotted and paid to it July, 1889. Plea, the general issue with notice of special matter. Trial by court at the December term, 1890, Start, J., presiding.

Judgment *pro forma*, for the plaintiff.

The defendant excepts.

The defendant claimed among other things that plaintiff district had been dissolved, and the court found such proceedings as would dissolve the district provided the judge had jurisdiction to appoint the justices by whom the dissolution was ordered. The plaintiff insisted that the judge had no such jurisdiction for the reason that one of the three persons who signed the petition to him was not a legal voter in the district.

The facts appear in the opinion.

*Stewart & Wilds*, for the defendant.

The plaintiff district was dissolved. The only substantial question is, were the three persons who signed the petition for the appointment of the justices, voters.

Every person residing in the United States is presumed to be a citizen until the contrary appears.

*State* v. *Beackmo*, 6 Blackf. 488; *Campbell* v. *Wallace*, 12 N. H. 362; *Trotter* v. *Dobbs*, 38 Miss. 198; *Lister* v. *Wright*, 2 Hill 320.

The property of her husband belonged to Mrs. Burneau and in being listed to the "estate of Peter Burneau" it was virtually listed to her.

*State* v. *Livingston*, 1 Houst. 109.

The adjudication of Judge Wright that he had jurisdiction is conclusive in this case.

School District *v.* Bridport.

Freem. Judg. § 522; *Morrow* v. *Weed,* 4 Iowa 77; *Brown* v. *Mason,* 40 Vt. 157; *Kidder* v. *Jennison,* 21 Vt. 108; *Comstock* v. *Crawford,* 3 Wall. 403; *Barber* v. *Winslow,* 12 Wend 102.

General assumpsit cannot be maintained by a school district against the town for a portion of the public school fund unless the selectmen have allotted that portion to the district. The selectmen are not officers of the town in making the division.

*Bliss & Royce,* for the plaintiff.

Assumpsit was the proper remedy. It was the duty of the town to collect this money from the various sources from which it arises, viz, the United States deposit, income from school fund, etc., and pay it over to the district. The funds in the hands of the town belonged to the several districts.

*State* v. *St. Johnsbury,* 59 Vt. 332.

The duty of the selectmen in the division of this fund was cast upon them as town officers. It was the duty of the town to collect and distribute these moneys.

1 Dill. Mun. Cor. 159; *Farwell* v. *City of Rockland,* 62 Me. 296.

There was no dissolution.

Mrs. Burneau was not a legal voter. She was not a citizen.

Pott. Dwarris 274 and note 4, 154-6 and notes 4 and 5; *Whitcomb* v. *Rood,* 20 Vt. 49; 2 Kent 71; Cool. Con. Lim. 14 and note 2, 24 and note 4, 489 and note 3; *State* v. *O'Hearn,* 58 Vt. 718; Morse Citizenship 126; *Robertson* v. *Cease,* 7 Otto 646; *Brown* v. *Keene,* 8 Pet. 115; 3 Sto. Con. § 1687; *State* v. *Adams,* 45 Iowa 99.

Her list had not been taken at the previous assessment.

Sch. Ex. & Adm. § 318; Cros. Ex. & Adm. § 424 *et seq.; Alexander, Admr.* v. *Stewart,* 50 Vt. 87.

School District *v.* Bridport.

There is no presumption in favor of the jurisdiction of a court of limited powers like the one appointing the justices in this case.

Cool. Con. Lim. 500; *Bates* v. *Hazeltine*, 1 Vt. 81; *Barrett* v. *Crane*, 16 Vt. 246; *Sears* v. *Terry*, 26 Conn. 273; *Coit* v. *Haven*, 30 Conn. 190; Steph. Dig. Ev. 98 and note 1; *Risley* v. *Phœnix Bank of N. Y.*, 83 N. Y. 318; *Spear* v. *Carter*, 1 Mich. 19; *Macdonald* v. *Prescott*, 2 Nev. 109; *Smith* v. *Rice*, 11 Mass. 506; *Holyoke* v. *Haskins*, 5 Pick. 20.

The opinion of the court was delivered by

THOMPSON, J. Unless the plaintiff school district was dissolved by the action of the three justices of the peace appointed by the judge of the County Court under R. L. s. 547, it is still a legal school district. It is well settled that "particular jurisdictions derogating from the general jurisdiction of the courts of common law are ever taken strictly, and cannot be extended farther than the express letter of their privileges will warrant." This rule governs the jurisdiction of the three justices of the peace in attempting to dissolve the plaintiff district. The mode of their appointment is prescribed, not by the common law, but solely by the statute, and must be strictly followed. *Paine* v. *Ely*, 1 D. Chip. 37; S. C. 1 N. Chip. 14; *Hubbell* v. *Dimick*, 1 Vt. 257; *Hendrick* v. *Cleveland*, 2 Vt. 329; *Emerson* v. *Reading*, 14 Vt. 282; *Probate Court* v. *Winch*, 57 Vt. 282. The justices derived their authority from their appointment by the judge of the County Court, and if he had no jurisdiction to appoint them, they had no power to act in the premises, and all their proceedings were void.

At the time the attempted proceedings were had for the dissolution of the plaintiff district, it could only be dissolved by compliance with the provisions of R. L. ss. 546, 547. The exceptions show that there were three other legal voters residing in the Bridport part of the plaintiff district, besides the petitioners

who applied to the judge of the County Court for the appointment of the three justices under R. L. s. 547.

To confer jurisdiction upon such judge to make this appointment, at least three things must have concurred: First, under proper proceedings, a legal article for the dissolution of the plaintiff district must have been inserted in the warning for the annual town meetings of each of the towns from which the district was formed; secondly, there must have been a non-concurrence by the votes of the towns on the question whether the district should be dissolved; thirdly, the application to the judge to appoint the three justices, must have been made by three legal voters of the plaintiff district, who each resided in the same town. If either of these essentials was wanting, the judge had no jurisdiction to make the appointment. An application by the requisite number of legal voters, for the appointment of the justices, was as necessary to confer jurisdiction upon such judge to appoint them, as is a writ legally issued and served, to give a court juridiction where the subject matter of the suit is within its general jurisdiction.

The application to the judge was made by Michael Deely, Reuben Norman and Mary Berneau, residents of the Bridport part of the plaintiff district. R. L. s. 523 provides that, "Persons residing in a school district and qualified to vote in town meeting, shall be voters in school district meetings," and R. L. s. 524 provides that "Women shall have the same right to vote as men in all school district meetings." By R. L. s. 2644 "Male citizens, twenty-one years of age, whose lists are taken in any town at the annual assessment next preceding a town meeting, or who are exempt from taxation for any cause, shall, while residing in the town, be voters in town meetings."

At the annual assessment for the year 1887 in Bridport, Mary Berneau was not listed for any property and had no grand list in that town for that year. She was not specially exempt by law from taxation because she was a woman, nor for any other

cause, and hence to be a voter in the plaintiff district, she must have had a list therein, taken at the annual assessment of 1887. Not having such a list she was not a voter.

Mary Berneau was the widow of one Peter Berneau, whose estate was in process of settlement at the time the annual list in Bridport was taken in 1887, and the property, personal and real, belonging thereto was listed to "The estate of Peter Berneau." Peter Berneau died testate, and by his will Mary Berneau took all his personal property and the use of all his real estate until their youngest child living should arrive at lawful age. The defendant contends that the list of the estate of Peter Berneau for 1887 is in effect the list of Mary Berneau so far as her right to vote is concerned. This claim is not sound. It is specially provided by R. L. ss. 279, 281, that the personal and real estate of a deceased person may be assessed for taxation to such person's estate, and, that when so assessed, the executor or administrator shall pay the taxes thereon; hence, the property was properly listed to the estate of Peter Berneau. To make a person not exempt from taxation for any cause, a voter in a town or school district meeting, it is not sufficient to show that such person might have been listed at the last annual assessment, but it must appear that he was in fact listed, and has a list, otherwise he is not a voter under the provisions of the statute.

Mary Berneau not being a legal voter in the plaintiff district, the application to the judge of the County Court for the appointment of the three justices, was not made by the three legal voters required to give such judge jurisdiction in the premises, and such appointment and all the proceedings of the justices thereunder, were void, and the plaintiff district was not thereby dissolved. This renders it unnecessary to decide whether the article inserted in the warning for Bridport was a compliance with the statute, or whether Deely, Norman, or Peter and Mary Berneau were citizens of this state.

2. In July, 1889, the selectmen of the defendant town

School District *v.* Bridport.

divided the public school money in the treasury of that town among nine whole districts and one fractional district, and lodged with the town clerk a written statement of the amount of such money divided to each district for the preceding school year. In making this division, the selectmen did not distribute any part of the school money to the plaintiff district, nor did it receive any money under this division. The plaintiff in this action of general assumpsit seeks to recover the amount which it would have received under this distribution, if entitled by law to share in it. This action cannot be maintained on the theory that the defendant ever held money belonging to the plaintiff. No part of this money belonged to any school district until it was divided to it by the selectmen pursuant to St. 1888, ss. 233 to 236, 243. All the money in controversy was paid to the districts among which it was distributed, prior to the bringing of this suit, which so far as the case shows, was the first notice the defendant had of plaintiff's claim to any part of the money, and the first demand made for payment. The maintenance and management of schools in the defendant town, were vested by law in its respective school districts, each of which, was a *quasi* municipal corporation for that purpose. The public school money in question was collected and held by defendant town for the districts among which the selectmen acting under the statute, should distribute it. The defendant had no right nor power to distribute it, that power being vested exclusively in the selectmen, without any authority on the part of the defendant to revise their action in making such distribution. After the division had been made, it was the duty of the defendant or its treasurer to pay over, under the direction of its selectmen, the money to the treasurer of the school districts among which it had been divided. R.L.s. 233. In *Spear* v. *Braintree*, 24 Vt. 414, which was assumpsit for money had and received to recover back money paid by plaintiff for taxes illegally assessed against him, it was held that the plaintiff in that action could not recover for money paid for state and state school taxes, for the

reason that the town only collected these taxes as agent, and was not liable in such an action after having paid them over to the state or the school district. To the same effect are *Vt. Cen. R. R. Co.* v. *Burlington*, 28 Vt. 193; *Slack* v. *Norwich*, 32 Vt. 818. This case falls within the same principle.

If it were conceded that the plaintiff was entitled to receive a portion of the money distributed, it could not maintain this action against the defendant on the ground that the plaintiff was deprived of its share of the money by the wrongful act or neglect of the selectmen of defendant. An action of assumpsit for money had and received is not the proper form of action by which to recover damages occasioned by the wrongful act or negligence of the defendant or its officers.

Again, the benefit arising from the public school money, or from its distribution, did not in any sense accrue to the defendant town as a corporation, but directly to the school districts or to the public represented by them.

The selectmen in distributing this money among the districts were not performing a duty imposed by law upon defendant as a town, nor did they act as agents of the defendant as a corporation, nor for its benefit in its corporate capacity, but as public officers in the discharge of an official duty imposed by statute. In such a case, the doctrine of *respondeat superior* does not apply, and no liability can be imposed upon the town except by statute. No such liability is imposed in this case, and hence, the defendant is not liable for the action of its selectmen in distributing the public money, were it conceded to be wrongful as to plaintiff. *Welsh* v. *Village of Rutland*, 56 Vt. 228; *Fisher* v. *Boston*, 104 Mass. 87. It therefore becomes immaterial to determine whether the school register lodged by the plaintiff with the clerk of defendant town, was such a compliance with the law as would have entitled it to a share of the public school money.

*Judgment reversed, and judgment for the defendant to recover its costs.*