# THOMAS F. LYNCH v. TOWN OF RUTLAND.

## May Term, 1894.

*Highways. Notice to land owner of preliminary hearing.*
*Ejectment.*

1. Selectmen, before the laying of a highway, must give the
   landowner an opportunity to be heard upon the primary
   question of the necessity of such highway, or their proceed-
   ings will be void as to him.

2. Ejectment will not lie against a town for land within the
   limits of a highway which its selectmen have surveyed,
   worked and opened for travel, for the municipality is not
   in possession of such land.

Ejectment. Plea, the general issue. Heard upon the
report of a referee at the September term, 1893, Rutland
county, TYLER, J., presiding. Judgment *pro forma* for the
plaintiff. The defendant excepts.

The demanded premises were a small triangular piece of
land situated near the intersection of Merchant's row and
the extension of Wales street in the village of Rutland. The
referee found that in 1861 a highway was laid near the
premises by a court's committee. This highway was then
known as the extension of Strong's avenue, but subsequent-
ly came to be called Merchant's row. The highway as then
laid passed entirely to the west of the premises in question.

In 1866 the selectmen of the town of Rutland, upon appli-
cation of various freeholders, resurveyed this highway at
this point in such a manner that the eastern line was moved
further to the east, and the premises in question embraced
within the surveyed limits of the highway. This survey

was placed upon the town records and no alteration was made in it from that time on.

The referee found that the then land owner of these premises was not notified in any way of these proceedings upon the part of the selectmen.

The line of travel from this time, until 1888 ran to the west of the premises in question, so that the same were not actually used by the public. In 1888 the plaintiff, who had become the owner of the premises by successive grants, began the erection of a building upon the same, whereupon he was notified by the trustees of the village of Rutland to desist from the further erection of the same for the reason that a portion of it was within the limits of the highway; and the trustees then proceeded to establish the eastern boundary of the highway at that point as it had been established in 1866, to grade the street up to the eastern boundary and embrace the demanded premises within the traveled way at that point.

*J. C. Baker* for the defendant.

To recover in ejectment the plaintiff must prove that the defendant was in possession of the premises at the time the suit was begun. *Stevens* v. *Griffith*, 3 Vt. 448; *Skinner* v. *McDaniels*, 4 Vt. 418; *Arbuckle* v. *Walker*, 63 Vt. 34; *Chamberlin* v. *Donahue*, 41 Vt. 306.

The town by surveying, working and opening for public travel a highway does not take possession of the land within its limits in such a manner that it can be said to have disseized the owner. *Thebold* v. *Railway Co.*, 66 Miss. 279; *Baxter* v. *Turnpike Co.*, 22 Vt. 114; *Parker* v. *Rutland*, 56 Vt. 224; *Welch* v. *Rutland*, 56 Vt. 228; *Weller* v. *Burlington*, 60 Vt. 28; *Bates* v. *Rutland*, 62 Vt. 178; *Buchanan* v. *Barre*, 28 Atl. Rep. 878.

*Butler & Moloney* for the plaintiff.

The action of ejectment will lie. The plaintiff has been dispossessed of his land. Some one has dispossessed him, and that person is the municipality.   1 Chit., Pl., 191 ; *Haynes* v. *Burlington*, 38 Vt. 350 ; R. L., ss. 1247, 1250, 2913 ; *Roach* v. *Hefferman*, 65 Vt. 485 ; *Chilson* v. *Buttolph*, 12 Vt. 231 ; *Spear* v. *Ralph*, 14 Vt. 400 ; *McDaniels* v. *Reed*, 17 Vt. 675 ; *Murphy* v. *Bolger*, 60 Vt. 726 ; *Whipple and Wife* v. *Fair Haven*, 63 Vt. 221.

THOMPSON, J.   I.   The plaintiff is the owner in fee of the land in question.   Neither the defendant nor the public has any right therein unless an easement in the public was created by the action of the selectmen of Rutland, March 5, 1866, in surveying and opening a highway, which included this land within its limits.   The report of the proceedings of the selectmen recorded in the town clerk's office April 14, 1866, does not state that any notice was given to the land owners except in respect to the damages which the selectmen proposed to pay on account of the survey and opening of the highway.   Unless notice was given to the land owners so that they might be heard upon the primary question whether the public good or the necessity or convenience of individuals required the taking of their lands for public use, the selectmen acquired no jurisdiction of the subject matter of laying and opening the highway, and their acts in that behalf are void.   *LaFarrier* v. *Hardy*, 66 Vt. 200.   The special finding of the referee that neither the plaintiff nor his grantor, who then owned the land, ever received such notice, precludes any presumption of notice, if such a presumption can ever be made in a proceeding of this kind by a tribunal acting under special and limited authority, and not of general jurisdiction.

Neither the plaintiff nor his grantor ever waived the requisite notice, nor any of their rights.   The proceedings of the selectmen in respect to surveying and opening the high-

way are void as to the plaintiff, and he is entitled to the exclusive use and possession of the land.

II. To recover in ejectment, the plaintiff must prove the defendant in possession of the premises at the commencement of the action. *Evarts* v. *Dunton*, Bray. 70; *Stevens* v. *Griffith*, 3 Vt. 448; *Skinner* v. *McDaniels*, 4 Vt. 418; *Arbuckle* v. *Walker*, 63 Vt. 34.

Towns are political sub-divisions formed for the purpose of aiding in the carrying on the government of the state. In laying out highways by their selectmen they act as mere instrumentalities of the government for the benefit of the public. *State* v. *Burlington*, 36 Vt. 521; *Welsh* v. *Rutland*, 56 Vt. 228; *Bates* v. *Rutland*, 62 Vt. 178; *Buchanan* v. *Barre*, 66 Vt. 129; *School District* v. *Bridport*, 63 Vt. 383. In the exercise of that duty the selectmen are the officers of the state, and not the agents of the town. A highway is created by the legal exercise of the reserved right of eminent domain. It is an easement in the public to use the soil for passing and repassing thereon and for such other purposes as highways are used. The fee of the soil remains in the owner. In the maintenance of highways the town is also only the hand of the state. It owns nothing in the highways established by its officers. All that the town takes is the burden of making and maintaining them, but it has no right nor possession peculiar to its inhabitants in respect to its highways except this burden. Its inhabitants have no use of the highway over those of any other town, or the public generally.

As a town the defendant never disseized the plaintiff nor had possession of the plaintiff's land, and this action cannot be maintained against it. *Chamberlain* v. *Donahue*, 41 Vt. 306.

*Judgment reversed, plaintiff non-suited, and judgment for defendant as upon a non-suit.*

Start, J., being engaged in county court, did not sit.