FRANK H. WHEELER AND GEORGE C. WHEELER *v.* TOWN OF ST.
JOHNSBURY AND VILLAGE OF ST. JOHNSBURY.

May Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed June 27, 1913.

*Eminent Domain—Taking Land for Highway—Injunction—*
*Pleading—Want of Notice—Persons Entitled to Notice—*
*Life Tenant—Remaindermen—Remedy of Property Owners*
*—Ejectment—Certiorari—Wills—Estates Created—Vested*
*Remainders—Misjoinder in Equity—Who May Object—*
*Limitation of Actions—Continuing Trespass—Adequate*
*Remedy at Law—Injunction.*

In a suit in equity against municipalities, involving the validity of
proceedings to lay out and construct a public highway, where the
bill denied any notice to the owners, but made the record of the
highway proceedings a part of the bill, and that record recited
that the selectmen gave all parties interested "due and legal no-
tice," etc., whereas P. S. 3819 requires them to report "the manner
of notifying the parties," and recited that the selectmen met the
parties according to the notice, and designated the parties with
whom they settled the matter of damages, who were "the only
parties owning land across which said highway is laid and estab-
lished," but omitted the names of the owners, the record did not
neutralize the denial of notice.

In proceedings by which selectmen took land for a highway, the life
tenant of the land was an interested party and so entitled to no-
tice, and failure to give her notice made the proceedings void as
to her.

Where a remainder is limited to take effect in possession immediately
on the termination of a particular estate that is limited to ter-
minate on an event that must happen, the remainder vests in
interest as soon as the remainderman is *in esse* and ascertained,
providing that nothing but his own death before the termination
of the particular estate will prevent the remainder from vesting
in possession.

Where a testator's wife and children survived him, and his will gave her a life estate in real property, which on her death was "to go and descend to his then surviving children in equal shares," the remainder vested in interest immediately on the death of the testator.

Parties having a vested remainder in fee in land at the time it was taken for a highway were entitled to notice of its taking, and also to notice of the assessment of damages, so that proceedings of the selectmen without such notice were void as to such remaindermen

Where, without notice or compensation to the owners, selectmen took land and thereon constructed a highway, it cannot be urged against a bill in equity by the owners for relief that they have an adequate remedy at law by ejectment, since the defendant town and village were not in possession, nor capable of being so, for they were mere instrumentalities of the State, acting for the benefit of the public; and trespass *quare clausum* is not an adequate remedy, for the injury is continuous.

Nor would *certiorari* be an adequate remedy, for that is confined by statute to the reversal of final judgments, orders, decrees, and proceedings, and gives no compensation.

The remedy given by P. S. 3827, 3828, providing that if a person interested in lands through which selectmen have laid or altered a highway is not satisfied with the damages offered he may apply to a justice of the peace for commissioners to appraise his damages, is available only when the highway is legally laid out, and not then unless a certificate of its opening has been recorded in the town clerk's office, as required by P. S. 3824; for without that, a justice has no jurisdiction to appoint commissioners.

As a general rule, only the defendants that are misjoined can demur to a bill in equity for want of interest, as that objection is regarded as a personal privilege.

Where there is a continuous injury without fresh violence, the Statute of Limitations can bar only back of six years from suit brought.

Where a town and village in laying out and constructing a highway were guilty of an unlawful entry and trespass upon the estate of a life tenant, which wrong was continuous in nature and existed when the interest of the remaindermen in the land vested in possession, it then became a trespass as to them, if not before, so that they might then have maintained trespass for a continuation of the highway, which was a constantly accruing cause of action

necessitating successive suits at law, and therefore equity will take jurisdiction on the ground of preventing a multiplicity of suits.

APPEAL IN CHANCERY. Heard on defendants' demurrer to the bill, incorporated in their joint answers thereto, at the December Term, 1912, Caledonia County, *Waterman*, Chancellor. Demurrer sustained, and bill adjudged insufficient and dismissed with costs to the defendants. The orators appealed. The opinion states the case.

*Elisha May* for the orators.

*Harry Blodgett, Robert W. Simonds* and *J. Rolf Searles* for the defendants.

ROWELL, C. J. This is a suit in chancery. The case is this, as made by the bill. Dennison Wheeler, father of the orators, died in 1872, leaving a will, which was duly probated, whereby he made his wife, Martha Wheeler, mother of the orators, tenant for life of the premises mentioned in the bill, and at her decease, "to go and descend to their living children in equal shares." She used and possessed the premises till her death in January, 1900, the orators then being the only living children of the testator, and the only children he ever had, as far as the bill shows.

In 1899, the selectmen of the town of St. Johnsbury laid out a highway across said premises, which were situated in the village of St. Johnsbury, and the servants of the village made the road, and it has been used as a highway ever since. The bill alleges that the selectmen gave neither the life tenant nor the remaindermen notice of the laying of the road nor of a time for considering claims for damages, and that none of them were present on any such occasions, nor ever consented to the laying or use of the road, nor were ever paid nor offered any damages, nor waived their right thereto.

The prayer of the bill is, that on ascertainment of the damages, the town be ordered to pay them; that the village, which built the road, be ordered so to construct it as to prevent undue injury to the land and buildings, and the surface water from doing damage to the property; and that in default of the payment of the damages, the defendants be enjoined from further occupying the land; and for general relief.

The bill is demurred to for want of equity; for that the orators had an adequate remedy at law, and now have if they have not lost it by their own fault; for that the defendants are not jointly liable; for that the village is not liable at all, and therefore is improperly joined as a defendant; and because the Statute of Limitations has run against the orators, and bars all relief.

No claim is made that the orators had any notice of laying the road nor of an assessment of damages. But the bill refers to the record of the proceedings of laying, and makes it a part of the bill, and the defendants claim that that record shows notice to the life tenant, and therefore neutralizes the allegation of the bill that she had no notice. But that record does not show notice to the life tenant. It says only that the selectmen gave all parties interested in the lands "due and legal notice," etc., whereas the statute required them to report "the manner of notifying the parties." P. S. 3819. Nor is the further statement in the record that they met the parties in accordance with the notice, and after considering all the facts submitted, adjudged, etc., sufficient; for in another part of the record they specifically name the parties with whom they settled and otherwise adjusted the matter of damages, and then they go on to say that "these were the only parties owning land across which said highway is laid and established," and entirely omit the name of the life tenant, thereby, in effect, saying that she was not a party interested. So the record does not neutralize the allegation of the bill denying notice to her.

It follows, therefore, on the case made by the bill, that the proceedings of the selectmen in laying out the highway were void as to the life tenant, for she was a party in interest, and entitled to notice of the taking. *Lynch* v. *Rutland*, 66 Vt. 570, 29 Atl. 1015; *Larvier* v. *Hardy*, 66 Vt. 200, 28 Atl. 1030.

As to the legal status of the orators to the land at the time it was taken, the law is that where, as here, a remainder is limited to take effect in possession, if ever, immediately on the determination of a particular estate that is to determinate by an event that must unavoidably happen by the efflux of time, the remainder vests in interest as soon as the remainderman is *in esse* and ascertained, provided nothing but his own death before the determination of the particular estate will prevent such remainder from vesting in possession. *Doe, Lessee of Pool* v.

*Considine,* 6 Wall. 458, 476, 18 L. ed. 869; *Moore* v. *Lyons,* 25 Wend. 119, 144; *Putnam* v. *Story,* 132 Mass. 205, 210.

The orators, therefore, were interested in the land at the time it was taken, and that interest was capable of being damnified by the laying of the road, and therefore they were entitled by statute to notice of its taking, and also to notice of the assessment of damages, but they had notice of neither. *Parks* v. *Boston,* 15 Pick. 198, 203. So the proceedings of the selectmen in laying the road are void as to them also.

As to an adequate remedy at law, the orators have none. Ejectment will not lie, for the defendants are not in possession, and indeed are not capable of being, for in respect of highway matters they are mere instrumentalities of the State, acting for the benefit of the public. *Lynch* v. *Rutland,* 66 Vt. 570, 29 Atl. 1015.

Trespass *qua. clau.* is not adequate, for the injury is continuous.

Certiorari is not adequate, for that is confined by statute to the reversal of final judgments, orders, decrees, and proceedings, and gives no compensation. P. S. 1996; *Sowles* v. *Bailey,* 69 Vt. 277, 285, 37 Atl. 751.

But the defendants say that the orators had an adequate remedy for damages under P. S. 3827 and 3828, if they had availed themselves of it seasonably. But that is not so. Sec. 3827 provides that if a person interested in lands through which selectmen have laid or altered a highway, is not satisfied with the damages offered him by the selectmen, or if none are offered, and no reference thereof is agreed upon, he may, by petition in writing, apply to a justice of the peace for the appointment of commissioners to appraise such damages, etc. Sec. 3828 limits the time for such application to sixty days after the highway is opened for travel in cases of persons notified of such opening as provided by P. S. 3825; and in case of persons not so notified, a year is given. P. S. 3824 provides that when a highway is completed and opened for the use of the public, the selectmen shall make a certificate of that fact, which shall be recorded in the town clerk's office, and that the day on which it is recorded shall be the time of opening the highway. Sec. 3825 provides that a copy of such certificate shall, within six days from the day of its record, be delivered by the selectmen to each person whose lands are taken by the highway, if such person is known,

or if unknown, to the occupant, if any, of the land. The bill alleges that here the selectmen never made nor filed for record any such certificate, and never delivered any copy of such to the life tenant nor to the orators nor to any occupant of the land.

Now this statutory remedy is available only when the highway is legally laid out; and not then even, unless a certificate of its opening has been recorded in the town clerk's office, for without that, a justice has no jurisdiction to appoint commissioners. *Emerson* v. *Reading*, 14 Vt. 279; *Tunbridge* v. *Tarbell*, 19 Vt. 453.

The defendants do not argue that they are misjoined because not jointly liable, but claim only that the village is misjoined because not shown by the bill to be interested in the litigation. But as a general rule, only the defendants that are misjoined can demur for want of interest, as the objection is regarded as a personal privilege. Thus, in *Hastings* v. *Belden*, 55 Vt. 273, some of the defendants demurred for that another defendant not demurring was not a proper party for want of interest, and it was held that the non-demurring defendant alone could make the objection, citing Story's Eq. Pl. Redf. Ed. §544, where it is said that for misjoinder of defendants, only those who are misjoined can demur. *Whitbeck* v. *Edgar*, 2 Barb. Ch. 106; *Crosby* v. *Berger*, 4 Edw. Ch. 210; *Miller* v. *Jamison*, 24 N. J. Eq. 41; 15 Ency. Pl. & Pr. 698; 16 Cyc. 205.

As to the Statute of Limitations, the demurrer is too large, for it goes to the whole bill, whereas, if good at all, which we do not decide, it is good only for what lies back of the statutory period, for the case is one of continuous injury without fresh violence, and of constantly accruing damages, which the statute can cut off only back of six years from suit brought. Thus, where the trustees of a turnpike road built buttresses to support it on the land of A, who thereupon sued them and their workmen in trespass for the erection, and accepted money paid into court in full for the trespass, it was held that after notice to the defendants to remove the buttresses and a refusal to do so, A might bring another action against them for keeping and continuing the buttresses on the land, and that the former recovery was no bar. *Holmes* v. *Wilson*, 10 Ad. & E. 503. And see *Hudson* v. *Nickolson*, 5 M. & W. 437; *Thompson* v. *Gibson*, 7 M. & W. 456; *Bowyer* v. *Cook*, 10 C. B. 236. So the wrong-

ful and continuous diversion of the water of a spring is a continuing injury and affords a constantly accruing cause of action, and the statute cuts off recovery only back of the statutory period. *Colrick* v. *Swinburne,* 105 N. Y. 503, 12 N. E. 427. The same is true of a wrongful continuous flowing of land by means of a dam. *Baldwin* v. *Calkins,* 10 Wend. 167; *Reed* v. *State,* 108 N. Y. 407, 15 N. E. 735; *Wells* v. *New Haven & Northampton Co.,* 151 Mass. 46, 21 Am. St. Rep. 423, 23 N. E. 724.

The orator's case, however, does not, as they claim, come within the cases in this State where a railroad company enters upon land and builds its road without assessing and paying the damages, for those cases go upon the ground that the company has done a lawful act in so doing, the lawfulness resulting from the consent of the landowner. *Austin* v. *Rutland R. R. Co.,* 45 Vt. 239.

But here the defendants, in laying out' and constructing the highway, were guilty of an unlawful entry and a trespass upon the property of the life tenant, and as that trespass was continuous in nature, it became and was a trespass as to the orators when their interest in the land vested in possession if not before; and though they might then have maintained an action of trespass for a continuation of the material and structures put and placed upon the land, yet that action would not have been an adequate remedy for the whole wrong, for the trespass being continuous in nature, afforded a constantly accruing cause of action, and thus necessitated a multiplicity of successive suits at law. So there are two well established grounds on which equity will take jurisdiction of this case and finally dispose of the whole matter, namely, want of an adequate remedy at law, and the prevention of a multiplicity of suits.

*Decree reversed, demurrer overruled, bill adjudged sufficient, and cause remanded.*