GRAHAM v. CITY OF DETROIT.

1. TAXATION—STIPULATION OF FACTS—ADMISSIONS.
    In a stipulation filed in ejectment proceedings, a clause stating that the court in chancery had decreed that the "tax assessments thereon were a valid lien upon the said lands and that the lands were sold to satisfy such lien" did not constitute an admission that the decree was valid, or that the tax deeds subsequently issued to plaintiff were regular and valid.

2. HIGHWAYS AND STREETS—MUNICIPAL CORPORATIONS—EJECTMENT—TITLE—EASEMENTS.
    A municipality in its control of the highways acts for the State and has no right to the possession or use of such easement other than for the benefit of the general public; the rights of easement are in the State.

3. EJECTMENT—STREETS—CITIES.
    Ejectment does not lie against a city to oust it from the use of a public street.

4. TAXATION—STREETS—TAX TITLES—AUDITOR GENERAL.

The auditor general has no authority to issue tax deeds covering premises that have been taken by eminent domain proceedings for the purpose of a public street, after the assessment of the tax but before the purchase from the State.

Error to Wayne; Murphy, J. Submitted October 18, 1912. (Docket No. 150.) Decided April 8, 1913.

Ejectment by William H. Graham against the city of Detroit. Judgment for defendant upon a directed verdict. Plaintiff brings error. Affirmed.

*Albert McClatchey,* for appellant.

*Walter Barlow* (*Richard I. Lawson,* of counsel), for appellee.

McALVAY, J. Plaintiff brought an action in ejectment against defendant to recover possession of two certain descriptions of land situated in Detroit. It will not be necessary to give these descriptions at length. They are referred to in the briefs as the Delray description and the Gladstone description, and will be so designated in this opinion. The right and title of plaintiff in and to said lands is based upon certain tax deeds issued by the auditor general of the State to him, under which deeds he gave the statutory notice to the defendant within the proper time to repurchase said lands; and the six months having expired, and no repurchase having been made by any person, this suit was instituted.

The Delray description for delinquent taxes assessed for the year 1905 was sold to the State in May, 1906, and the Gladstone description for delinquent taxes for the year 1904 was sold the State in May, 1907. In September, 1909, more than one year later, plaintiff purchased both descriptions from the State, and deeds were issued to him. On February 6, 1906, the original owner of the Delray description, by quitclaim deed, conveyed it to the village of Delray for the purpose of exclusive use as a street. This

land was accepted by the village of Delray as a part of the public street known as Posen street, and has been so used and occupied up to the present time. The deed from Gaukler was recorded with the register of deeds for Wayne county March 6, 1906. The limits of the city of Detroit in the meantime were extended to include the village of Delray. Defendant, the city of Detroit, on March 28, 1903, first filed its petition in the recorder's court of the city of Detroit for the purpose of taking the description known as the Gladstone description by condemnation for street purposes. On June 29th a jury, which had been impaneled, filed its findings of necessity for taking such land for street purposes and its award to the owners thereof. This verdict was confirmed July 9, 1904, and defendant city immediately took possession of the land for street purposes, and ever since that time it has been used exclusively for public travel and known as a public street, Third avenue. All the facts in the case were stipulated upon the trial.

At the close of the case defendant moved the court to direct a verdict in its favor, for the reason that it appeared from the undisputed facts that these descriptions in the plaintiff's declaration are used by the public as public highways, and the public has only an easement in said lands for that purpose, and the action of ejectment will not lie against defendant to determine the right of the public to such use; that such easements for highway purposes in this State belong to the people at large, and not to any political subdivision to determine such rights; that, before the lands in question were bid off by the State at tax sales, these easements to use these lands as public highways had already been acquired, and the result of such tax sales to the State was to cancel and discharge the payment of the taxes in question, and the tax deeds to the plaintiff conveyed no interest in the lands to him.

Plaintiff requested the court to charge the jury that the claim and right to possession in this ejectment suit under said tax land deeds, the proceedings being regular under

the tax law culminated in this sale to him, established an unincumbered fee in the land, and he having taken all the statutory steps after the sale to him in time and manner as provided by law, and no repurchase having been made, the defendant was guilty of unlawfully withholding from him possession thereof; that any defense interposed in an action of ejectment to lessen the estate conveyed by such deeds by taking away the right of possession is a collateral attack upon the decree and proceedings upon which such deeds are based and is not permissible. This amounts to a request for a directed verdict for plaintiff. The court refused these requests, and granted defendant's motion. A verdict was accordingly directed, and upon this verdict judgment was entered in favor of defendant. The case is brought here upon a writ of error. Errors are assigned by appellant upon the refusal of the court to direct a verdict in his favor, and because a verdict was directed in favor of defendant.

The declaration filed in this case was the ordinary declaration in ejectment. Defendant gave notice under the plea of the general issue that it did not own or claim to own the lands in question, but, on the contrary, only claimed an easement therein for the purpose of public travel, and that both descriptions were used by the public for such purposes as parts of public highways; that the right of the public to use the lands could not be determined in ejectment.

In the brief of appellant it is claimed that defendant in the stipulation of facts admits—

"That the decree of the circuit court for the county of Wayne decreeing that the taxes involved were a valid lien against the lands, and that the lands should be sold to satisfy such lien, was a valid decree."

Defendant denies that the stipulation of facts warrants such claim, and insists that it is only a deduction of the appellant from the stipulation of facts filed in the case. It is apparent that this is so from the plea and notice of defendant, above stated, and also from the statement of

facts in the record, which is a recitation of the proceedings taken under the statute providing for the sale of delinquent tax lands, and it is recited that the court decreed—

"That the said tax assessments thereon  *  *  *  were a valid lien upon the said lands, and that the lands were sold to satisfy such lien."

This is not an admission as claimed, but is a statement contained in every decree made pursuant to the auditor general's petition and the statute, nor was it an admission that the said tax deeds were regularly and properly issued by the auditor general to the plaintiff.

The contention of the defendant is that in this State the public does not own the fee to the lands used by it for public highways and streets, but only an easement in such lands, which is only the right to use them for the purpose of public travel; that such an interest is not subject to ejectment, for the reason that it is intangible and incorporeal. *City of Grand Rapids* v. *Whittlesey*, 33 Mich. 109; *Bay County* v. *Bradley*, 39 Mich. 163 (33 Am. Rep. 367); *Taylor* v. *Gladwin*, 40 Mich. 232, 234; *Detroit* v. *Railway*, 172 Mich. 136 (137 N. W. 645); *Lynch* v. *Town of Rutland*, 66 Vt. 573 (29 Atl. 1015). *See *Harrington* v. *City of Port Huron*, 86 Mich. 46, 51 (48 N. W. 641, 13 L. R. A. 664).

The Delray description was bid in by the State of Michigan for delinquent taxes of 1905 in May, 1908, for $2.97, and the Gladstone description was bid in by the State of Michigan for the delinquent taxes of 1904 in May, 1907, for $4.79. In September, 1909, plaintiff purchased each of the descriptions from the State at the prices above named, upon which tax deeds were issued by the auditor general under which he claims title.

The Delray description was acquired by defendant to be used exclusively for highway purposes in February, 1906, and the Gladstone description obtained by condemnation for the same purposes in July, 1904. The ease-

ment in the lands in question for the purposes of public travel belonged to the State at the time it purchased such lands at the tax sales. A municipality in its control of these highways acts for the State, and has no right to the possession or use of these easements other than the public generally. It takes the burden of maintaining such easements fit for public travel. *Lynch* v. *Town of Rutland, supra.* These easements belong to the State, and were in use as public highways at the time they were bid in to the State for delinquent taxes.

The defense that plaintiff acquired no title to these lands through the State tax deed issued by the auditor general is not a collateral attack upon the decree in the tax proceedings. It challenges the power and authority of the auditor general in the name of the State to issue deeds to lands in which the State had already acquired easements for the public use as part of its public highways.

The court was therefore not in error in refusing to grant the request of plaintiff and in instructing a verdict for defendant.

The judgment of the circuit court is affirmed.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.