YAGIELA v THE DETROIT EDISON COMPANY

1. TRIAL—DIRECTED VERDICT.

Denial of a motion for directed verdict is proper where a question of fact has been presented whether defendant utility's 1954 permit to run its transmission lines over plaintiff's property was a supplement to, or a substitute for, defendant's 1948 permit to run the lines in a different location.

2. DAMAGES—EVIDENCE—ADMISSIBILITY—TRESPASS.

Evidence of the cost of alterations to a home was admissible to ascertain damages resulting from a trespass to land even though the alterations were also improvements, since the questions of damages and improvements to property are intertwined and it is the function of a jury to separate them.

Appeal from Wayne, George E. Bowles, J. Submitted Division 1 May 11, 1972, at Detroit. (Docket No. 11386.) Decided July 24, 1972.

Complaint by Donald Yagiela and June Yagiela against Detroit Edison Company for damages caused by trespass on their land. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Ochs, Gordon & Paley,* for plaintiffs.

*Fischer, Franklin & Ford* (by *Ralph H. Houghton, Jr.,* and *Brian J. Kott),* for defendant.

Before: DANHOF, P. J., and LEVIN and BORRADAILE,* JJ.

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur, Trespass §§ 14, 81.
53 Am Jur, Trial §§ 365, 366.
[2] 22 Am Jur 2d, Damages §§ 138–140.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

DANHOF, P. J. The plaintiffs brought this action seeking to recover for damages caused by an alleged trespass on their land. After a favorable jury verdict, judgment was entered for the plaintiffs and the defendant has appealed. We affirm.

In 1948 the defendant obtained a right-of-way permit to run its lines over lots 1 through 5 of the Pon-Avon Farms subdivision located in Oakland County. Transmission lines were subsequently erected. In 1954 the defendant obtained an additional right-of-way permit across lots 2 through 5. The lines on lots 3, 4 and 5 were then repositioned to conform with the new permit. The lines on lot 2 were not moved.

On October 10, 1964, the plaintiffs signed a preliminary purchase agreement for lot 2. The plaintiffs wished to move an existing house onto the land. Donald Yagiela testified that he wished to place this house on a cement slab and because of the topography of the area the only place that this could be done was at a point under the defendant's lines. It appears that the defendant indicated that they would not supply power to a home so located and refused to move the lines. Donald Yagiela testified that he subsequently located the house on another portion of the lot and that he was forced to put in a foundation instead of putting the house on a slab. After construction had begun, the defendant moved the lines. The plaintiffs then examined their chain of title and discovered that the defendant's only recorded interest was an easement across the rear 6 feet of the property. The plaintiffs asked the defendant by what right it was maintaining its lines as they were positioned. The defendant furnished them with a copy of the 1954 permit. The plaintiffs then commenced this action.

On appeal the defendant contends that the trial court erred in not granting its motion for a directed verdict. The defendant contends that it had an irrevocable license to position its lines as they were positioned. No question of an easement by prescription has been raised. It seems clear enough that the defendant had a license and if the facts are as it claims they are it would have an irrevocable license to position its lines as they were positioned. See 5 Restatement of Property, § 519(3), (4), pp 3133–3134, and in particular illustration 3 to § 519(4), p 3139.

However, in this case fact questions are presented, and thus, it was proper to deny the motion for a directed verdict. There is room for difference on at least two questions of fact: whether the lines were located at the point described in the 1948 license; and whether the 1954 permit was intended as a new agreement in substitution for the 1948 permit.

The defendant also argues that it was improper to admit evidence of the cost of certain alterations to the home on the ground that they were improvements and were not made necessary by the forced change in location. On the facts of this case it was proper to admit the testimony regarding the cost of alterations. The questions of damages and improvements to the property are intertwined and it was the function of the jury to separate them.

Affirmed, costs to the plaintiffs.

All concurred.