203 Mich. App. 69 (1993)
512 N.W.2d 49
In re FORFEITURE OF CASH AND GAMBLING PARAPHERNALIA (COUNTY OF SAGINAW v. CERGNUL)
Docket No. 144004.
Michigan Court of Appeals.
Submitted May 4, 1993, at Lansing.
Decided December 20, 1993, at 9:30 A.M.
Michael D. Thomas, Prosecuting Attorney, and Edwin R. Brown, Assistant Prosecuting Attorney, for the petitioner.
Professional Law Offices of Frank & Forster (by Stuart W. Hyvonen), for the respondent.
Before: WAHLS, P.J., and SHEPHERD and CAVANAGH, JJ.
PER CURIAM.
Respondent, Frank Cergnul, appeals as of right from an order of the Saginaw Circuit Court that denied his motion for costs and attorney fees. We reverse and remand for additional findings.
A large amount of cash and various items of property belonging to respondent were seized during a raid on a gambling establishment on January 4, 1991. The property was impounded. Almost four months later, no action had been taken by petitioner to institute a criminal prosecution or forfeiture proceedings. On April 23, 1991, respondent's counsel asked by letter for the return of respondent's property. No response was received. On May 2, 1991, respondent filed an action against the sheriff's department for the return of the cash and goods. On May 10, 1991, the Saginaw County Prosecutor filed a complaint and petition for forfeiture in the circuit court. The court issued an ex parte order prohibiting the transfer or disposal of *71 the property pending an adjudication hearing.[1] Respondent alleges that the complaint and order were never served upon him. On July 1, 1991, respondent moved to dissolve the order. On the day of the hearing to dissolve the order, petitioner moved to dismiss the action without prejudice, and the motion was granted. Respondent thereafter moved for costs and attorney fees pursuant to MCR 2.114, MCR 2.625, and MCL 600.2591; MSA 27A.2591. The motion was denied by order, and respondent now appeals that order.
MCR 2.114(D) provides that the signature of an attorney or party constitutes a certification that (1) the attorney or party has read the pleading; (2) to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and (3) the pleading is not interposed for any improper purpose. If a pleading is signed in violation of the rule, the court shall impose an appropriate sanction, including attorney fees. MCR 2.114(E).
MCL 750.308; MSA 28.540 authorizes the issuance of a search warrant once probable cause is established that any place is being used for the registering of bets upon any race, game, or contest. The statute also authorizes the seizure of gambling apparatus. MCL 750.308a; MSA 28.540(1) allows a court to order the destruction or other disposition of any articles of property lawfully seized. Michigan ex rel Comm'r of State Police v One Helix Game, 122 Mich App 148; 333 NW2d 24 (1982).
Respondent raised the issue that petitioner's *72 filing of the forfeiture action four months and six days after the seizure of the property was untimely and, therefore, violated MCR 2.114. Petitioner responded that the filing was not untimely because the applicable sections of the gambling act do not specify a time limit for filing forfeiture complaints. Thus, the petitioner believes he may file a forfeiture action at any time. We strongly disagree with the petitioner's position.
In Dep't of Natural Resources v Parish, 71 Mich App 745; 249 NW2d 163 (1976), the DNR filed a complaint against the defendant and others for condemnation of boats, nets, and fish that had been seized six months earlier pursuant to MCL 300.14; MSA 13.1224. The statute did not require the DNR to move against the property seized within any particular period. To preserve the constitutionality of the statute and the defendant's due process rights under both US Const Am XIV, and Const 1963, art 1, § 17, this Court imposed a requirement that condemnation proceedings must be promptly commenced. Parish, supra at 749-750. In determining whether an action has been promptly filed, the trial court must consider the following factors: (1) the lapse of time between seizure and filing of the complaint, (2) the reason for the delay, (3) the resulting prejudice to the defendant, and (4) the nature of the property seized. Id. at 750.
We likewise impose the same restriction upon the filing of forfeiture actions brought pursuant to MCL 750.308a; MSA 28.540(1). Remand is necessary because the trial court did not make any findings despite the fact that the respondent raised this issue below. This Court would be inclined to find the lapse of time excessive in light of the actions taken by respondent before the filing of the *73 forfeiture petition. Moreover, there appears to be no excuse for the delay. The record, however, does not contain an explanation from the petitioner.
In reviewing the record, we also note that the trial court indicated that it had discretion to decide whether sanctions should be imposed. This was clear error. The imposition of sanctions under MCR 2.114 is mandatory upon a finding that a pleading was signed in violation of the court rule. Contel Systems Corp v Gores, 183 Mich App 706, 710-711; 455 NW2d 398 (1990). There is no discretion for the trial court to exercise in determining if a sanction should be awarded. Id. Thus, the trial court upon remand must also determine whether the petitioner violated MCR 2.114, including whether he filed the forfeiture complaint for an improper purpose.[2] If the court rule was violated, the court must impose sanctions.
Finally, we find that respondent's remaining issues have no merit.
Reversed and remanded. We do not retain jurisdiction.
NOTES
[1] The ex parte order was requested pursuant to MCL 333.7523(2); MSA 14.15(7523)(2). Although the forfeiture action was not brought under the controlled substances act, the court issued the order.
[2] It is unclear from the record whether the trial court found that the court rule was not violated or whether it found that in its discretion sanctions were not appropriate although the court rule was violated.