ATTORNEY GENERAL ex rel DEPARTMENT OF NATURAL
RESOURCES v CHEBOYGAN COUNTY BOARD OF COUNTY ROAD
COMMISSIONERS

Docket No. 157558. Submitted December 13, 1995, at Lansing. Decided
June 4, 1996, at 9:10 A.M. Leave to appeal sought.

The Attorney General, on the relation of the Department of Natural
Resources, brought an action in the Ingham Circuit Court against
the Cheboygan County Board of County Road Commissioners,
seeking damages and injunctive relief relative to the defendant's
removal of barriers erected by the DNR to prohibit motor vehicle
traffic on certain trails in the Pigeon River Country State Forest.
Venue was changed to the Cheboygan Circuit Court, where the
defendant filed a counterclaim for a declaration that jurisdiction of
the trails in question had been acquired by the defendant from the
state. The court, Robert C. Livo, J., granted a judgment for the
defendant with regard to the counterclaim. The plaintiff appealed.

The Court of Appeals *held*:

1. MCL 247.851 *et seq.*; MSA 9.393(31) *et seq.*, which governs
transfers of jurisdiction over highways, and MCL 250.114; MSA
9.934, which concerns the acquisition by local governments of juris-
diction over portions of trunk line highways abandoned by the
state, provide the only means by which jurisdiction of the trails at
issue can be transferred from the state to the defendant. Jurisdic-
tion was not transferred under either statute because none of their
requirements were satisfied in this case.

2. The trial court erred in relying on principles of adverse posses-
sion and prescriptive easement. Those principles do not apply in
determining jurisdiction over roads because they concern title, not
jurisdiction. Even if adverse possession were applicable, title could
not have been acquired by the defendant in the absence of adverse
interests by the state and the defendant.

3. The trial court erred in relying on the doctrine of dedication
and acceptance, which applies to private property granted for pub-
lic use. The doctrine does not apply in determining which of two
governmental entities has jurisdiction over public roads.

4. The trial court erred in relying on the highway by user statute,
MCL 221.20; MSA 9.21. It is doubtful that one governmental entity

can dedicate a highway to another under this statute. Even if it were possible, the evidence did not indicate an intent by the state to dedicate the trails in question to the defendant.

5. The trial court erred in determining that, on the basis of a deed from the United States and a mapbook of Michigan counties, the state is estopped from denying the defendant's asserted jurisdiction. Neither document indicates a representation by the state that the defendant has jurisdiction over the disputed trails.

6. The trial court erred in declaring that the defendant had acquired jurisdiction to maintain access by private landowners within the state forest in the absence of evidence that such access was being denied.

7. The trial court erred in relying on Const 1963, art 7, §§ 29 and 34 to determine that the defendant had acquired jurisdiction. Section 29, which reserves to local governments control over their highways, streets, alleys, and public places, does not provide for the acquisition of jurisdiction of roads by one governmental entity from another. Section 34, which provides for liberal construction of the constitution and laws governing the powers of local governments so as to favor local governments, is not relevant to this case.

Reversed and remanded for further proceedings.

HIGHWAYS — JURISDICTION — TRANSFERS FROM STATE TO LOCAL GOVERNMENTS.

The statutes governing the transfer of jurisdiction over a highway and the return to local jurisdiction of portions of trunk line highways abandoned by the state provide the only means by which jurisdiction over a highway is transferred from the state to a local government (MCL 247.851 *et seq.*, 250.114; MSA 9.393[31] *et seq.*, 9.934).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Stephen F. Schuesler*, Assistant Attorney General, for the plaintiff.

*Hoffman & Varga* (by *Charles G. Hoffman*), for the defendant.

Before: JANSEN, P.J., and TAYLOR and J.P. NOECKER,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

TAYLOR, J. Plaintiff appeals as of right a declaratory judgment entered after a bench-trial finding that defendant had acquired jurisdiction over certain two-track dirt trails used for vehicular travel in the Pigeon River Country State Forest.[1] We previously stayed the lower court's judgment pending resolution of this appeal. We now reverse the trial court's judgment in its entirety and remand.

As explained in *Michigan Oil Co v Natural Resources Comm*, 406 Mich 1, 16-17; 276 NW2d 141 (1979), the Pigeon River Country State Forest

> consists of 92,872 acres of rolling hills, deep swamps, high forests, lakes and streams. Located in Otsego and Cheboygan Counties, the Pigeon River Forest is one of the largest remaining tracts of publicly owned, wild, undeveloped land in the lower peninsula. . . .[The] Pigeon River Forest provides one of the few remaining favorable habitats in the lower peninsula for wildlife, including bear, bobcat, beaver, woodcock, osprey, eagle, and many other birds and animals.
>
> The forest is also the home of the largest remaining elk herd east of the Mississippi River.

The Department of Natural Resources manages the forest pursuant to its statutory powers.[2] On November 2, 1990, the director of the DNR issued an order restricting vehicular travel upon certain dirt trails within the forest. In order to implement this order,

---

[1] There is no dispute regarding defendant's jurisdiction over seventy-two miles of certified county roads within the forest. This includes Dog Lake Road, because Michigan Department of Transportation witness Norman Brown testified that Dog Lake Road had been continuously certified since 1954.

[2] See former MCL 299.1 *et seq.*; MSA 13.1 *et seq.*, MCL 322.203-204; MSA 13.432-433, now superseded by 1994 PA 451, MCL 324.101 *et seq.*; MSA 13A.101 *et seq.*

the DNR placed barriers on the trails. The system of trails throughout the forest originated as logging trails, railroad grades, and fire breaks. The DNR or its contractors had built approximately fifty-four percent of the trails that were closed during the course of its management of the forest. Defendant did not build or maintain the closed trails, other than Dog Lake Road. See n 1. The trails were closed in order to make the habitat more favorable to the birds and other animals and to protect the forest from overuse and development that might destroy its wild character. Even with the closure of the disputed trails to vehicular traffic, ninety-eight percent of the forest remained within one mile of an open trail.

In November of 1991, defendant dug up and destroyed approximately sixty of the barriers the DNR had erected in Cheboygan County. Plaintiff filed a lawsuit seeking an injunction and damages. Defendant filed a counterclaim asserting jurisdiction over the trails in question.

The trial court determined in an oral opinion that defendant had acquired jurisdiction over the trails in question on the basis of the adverse possession, easement by prescription, dedication and acceptance, and estoppel. The court further found that jurisdiction had been established on the basis of Const 1963, art 7, §§ 29 and 34. As a result of the trial court's ruling, defendant was "awarded" jurisdiction over 130 to 200 miles of dirt trails within the forest. Plaintiff argues that each of the bases cited by the trial court were inapplicable or unproven. We agree.

We review a trial court's declaratory judgment de novo. *Lake Angelus v Oakland Co Rd Comm*, 194 Mich App 220, 223; 486 NW2d 64 (1992). Even when a

trial court's factual findings are not clearly erroneous, this Court will reverse if it disagrees with the trial court's legal conclusions. *Pomranky v Zack Co*, 159 Mich App 338, 342; 405 NW2d 881 (1987).

We first deal with the trial court's determination that the county had, by adverse possession or prescriptive easement, acquired jurisdiction from the state over the trails in question.

This holding is flawed because it confuses acquisition of title with jurisdiction. While adverse possession and prescriptive easement are doctrines that, once successfully asserted, will change title, they cannot affect jurisdiction. Said more simply, title is irrelevant to jurisdiction over a road as between two governmental entities. Indeed, because jurisdiction over a road is not a property right, analysis utilizing adverse possession and prescriptive easement is inapposite. Because it is unrebutted that jurisdiction over the trails in question was with the state before the period of "adverse possession or prescriptive easement" began, the only way jurisdiction could have been transferred from the state was pursuant to MCL 247.851 *et seq.;* MSA 9.393(31) *et seq.* (transfer of jurisdiction over highways act), or MCL 250.114; MSA 9.934 (state may abandon portions of a trunk line highway such that jurisdiction would return to a county road commission, township, city, or village; assuming the trails in question can be considered a highway). These two statutes control the transfer of jurisdiction in this circumstance, and because none of the requirements of either statute were met, jurisdiction never passed to the county road commission.

We note also that, even if adverse possession had been a viable theory, it appears highly dubious that

one governmental entity may acquire title by adverse possession against another governmental entity.[3] We need not decide this, however, because, even assuming arguendo that a county road commission could acquire title and jurisdiction to a state trail through adverse possession, we find that the public's use of the trails was not adverse to the state's ownership and jurisdiction over the trails. The reason is that both the state and the county maintain jurisdictional control over roads for the benefit of the public. Thus, the interests asserted by both parties are not adverse. *Graham v Detroit*, 174 Mich 538, 543; 140 NW 949 (1913); *Bator v Ford Motor Co*, 269 Mich 648, 670; 257 NW 906 (1934). Given our finding that adverse possession is inapplicable, and unproven even if applicable, we need not decide if 1988 PA 35, MCL 600.5821; MSA 27A.5821, applies.[4]

The trial court also found a dedication and acceptance relating to the trails. We disagree. A dedication is an appropriation of land to a public use by the owner. *Kraus v Gerrish Twp*, 205 Mich App 25, 37; 517 NW2d 756 (1994), affirmed in part and modified in part 451 Mich 420; 547 NW2d 870 (1996). Dedication cannot be accomplished without a clear intent to dedicate on the part of the property owner, as well as an acceptance by the public. *Id*. A dedication and acceptance applies to a private party appropriating

---

[3] The prevailing view is that this cannot be done. See anno: *Acquisition of title to land by adverse possession by state or other governmental unit or agency*, 18 ALR3d 678, § 3, pp 684-685. See also *Texas v Louisiana*, 410 US 702; 93 S Ct 1215; 35 L Ed 2d 646 (1973) (a state may not acquire property from the United States by prescription or acquiescence).

[4] This statute reinstated the common-law rule that one could not acquire title to state-owned property through adverse possession. See *Gorte v Dep't of Transportation*, 202 Mich App 161; 507 NW2d 797 (1993).

land to a public use. *Stickley v Sodus Twp*, 131 Mich 510, 517; 91 NW 745 (1902). We find that the doctrine of dedication and acceptance is simply inapplicable as between two governmental entities concerning jurisdiction over a road. Here, the trails were already under the jurisdiction of the state. Under such circumstances, no dedication and acceptance could occur.

The trial court also made reference to Michigan's highway by user statute, MCL 221.20; MSA 9.21, asserting that it, in some fashion, supported the court's finding that jurisdiction over the trails had been transferred to defendant. Again, it is doubtful that one governmental entity can dedicate a highway to another under this statute. However, assuming arguendo that the state could dedicate a road to a county (independent of the two previously cited statutory methods of transferring jurisdiction of a highway), the proofs did not unequivocally demonstrate such an intent by the state. *Boone v Antrim Co Rd Comm'rs*, 177 Mich App 688, 693; 442 NW2d 725 (1989). Further, this statute is inapplicable because a highway by user was not established because the trials in question were not worked upon by defendant. *Pearl v Torch Lake Twp*, 71 Mich App 298, 306-307; 248 NW2d 242 (1976).

The trial court also declared that plaintiff was estopped from denying the right of the public to travel on the roads on the basis of a 1949 deed from the United States and the 1984 edition of the Mapbook of Michigan Counties. We disagree.

The deed did not give defendant any rights in, or jurisdiction over, the trails in question. *von Meding v Strahl*, 319 Mich 598, 609; 30 NW2d 363 (1948). Simi-

larly, the mapbook also did not give defendant any rights in, or jurisdiction over, the trails in question. Such a situation could not give rise to a valid estoppel claim in the absence of a representation upon which the defendant relied. *Schmidt v Bretzlaff*, 208 Mich App 376, 378-379; 528 NW2d 760 (1995). That having not happened, the estoppel claim is without merit. Moreover, estoppel as a means of taking title is not favored in Michigan. *Miller v Dep't of State Hwys*, 30 Mich App 64, 71; 186 NW2d 67 (1971).

The trial court also declared that defendant had jurisdiction to maintain access to its easements for the benefit of private land owners within the forest. The court's rationale for this position is unclear, but we are able to dispose of this simply on the basis that this holding is contrary to the evidence presented. There was no evidence that plaintiff was denying private land owners access to their properties. Moreover, it seems a statement of the obvious that what private landowners need is not relevant to what the public has acquired. Regarding the concern that, absent this intervention, easements would be unavailable, we note that MCL 322.612; MSA 13.732(2) authorizes the DNR to grant easements over state-owned land.

The trial court further relied on Const 1963, art 7, §§ 29 and 34 as authority for its declaration that defendant had acquired jurisdiction over the trails in question as a result of long public use. We disagree.

Art 7, § 29 provides in pertinent part as follows:

> Except as otherwise provided in this constitution the right of all counties, townships, cities and villages to the reasonable control of their highways, streets, alleys and public places is hereby reserved to such local units of government.

The premise of this section is that, to trigger its applicability, the county, township, city, or village must show that the highway was once "its" highway. This is precisely what was not shown. That should have ended utilization of this section of the constitution, yet the trial court concluded that this section could be somehow read to transfer jurisdiction from the state to the county. We can find no justification for this and conclude it was error. Art 7, § 29 simply does not state that one governmental unit may acquire jurisdiction over another governmental entity's roads or grant the right to acquire roadway easements other than as provided by law. *Arrowhead Development Co v Livingston Co Rd Comm*, 413 Mich 505, 512; 322 NW2d 702 (1982).

Art 7, § 34 provides:

> The provisions of this constitution and law concerning counties, townships, cities and villages shall be liberally construed in their favor. Powers granted to counties and townships by this constitution and by law shall include those fairly implied and not prohibited by this constitution.

The trial court construed this to confer jurisdiction on the county road commission. This conclusion is misbegotten because this provision is without relevance to the issue the lower court was to address and cannot confer on a county road commission authority that the Legislature did not provide. *Arrowhead, supra.*

Reversed and remanded for further proceedings, including reconsideration of plaintiff's complaint in light of, and consistent with, this opinion. We do not retain jurisdiction.