KITCHEN v KITCHEN

Docket No. 196882. Submitted June 3, 1998, at Lansing. Decided July 31, 1998, at 9:05 A.M.

William Kitchen and Kitchen Farms, Inc., brought an action in the Antrim Circuit Court against Robert W. and Harriett A. Kitchen, seeking the dissolution of a partnership and a corporation involving William and Robert Kitchen. The plaintiffs amended their complaint to assert, under alternative theories of prescriptive easement, permanent license, and estoppel, a right to use irrigation equipment owned by the plaintiffs but on the defendant's real property. An attempt at mediation failed. The defendants moved for summary disposition under MCR 2.116(C)(10) and for sanctions under MCR 2.114(D)(3), (E), attaching as an exhibit the plaintiffs' mediation summary in support of the defendants' argument that the plaintiffs' claim was frivolous. The plaintiffs moved to strike the defendants' motion for summary disposition and for sanctions against the defendants, contending that the attached exhibit violated MCR 2.403(J)(4). The court, Philip E. Rodgers, Jr., J., granted the plaintiffs' motion, dismissing the defendants' motion for summary disposition and sanctioning the defendants' attorney for attaching the exhibit to the defendants' motion for summary disposition. The defendants appealed by leave granted.

The Court of Appeals *held*:

1. The trial court did not err in striking the defendant's motion for summary disposition. MCR 2.403(J)(4) prohibits the admission in any court or evidentiary proceeding statements by attorneys during a mediation hearing and mediation briefs or summaries, except as provided in subsections 7(1)(a), (b) of the Community Dispute Resolution Act, MCL 691.1557(1)(a), (b); MSA 27.15(57)(1)(a), (b). Subsection 7(1)(a), subjects to disclosure work product, case files, or communications for which all parties to the dispute resolution process agree in writing to waive confidentiality. Subsection 7(1)(a) is not applicable in this case because there was no written agreement waiving confidentiality. Subsection 7(1)(b) subjects to disclosure work product, case files, or communications that are used in a subsequent action between the mediator and a party to the dispute resolution process for damage arising out of the dispute resolution process. Subsection 7(1)(b) is not applicable in this case because it

is not an action between a mediator and a party to the dispute resolution process for damage arising out of the dispute resolution process.

2. The trial court erred in imposing sanctions against the defendants' attorney under MCR 2.114. There was no evidence that the defendants' motion for summary disposition was filed for an improper purpose such that sanctions under MCR 2.114 could be imposed.

Order granting motion to strike affirmed; award of sanctions reversed; case remanded.

Evidence — Mediation — Proceedings After Mediation.

MCR 2.403(J)(4) prohibits the admission in any court or evidentiary proceeding statements by attorneys during a mediation hearing and mediation briefs or summaries, except as provided in subsections 7(1)(a), (b) of the Community Dispute Resolution Act (MCL 691.1557[1][a], [b]; MSA 27.15[57][1][a], [b]).

*Fraser Trebilcock Davis & Foster, P.C.* (by *Mark R. Fox*), for the plaintiffs.

*Miller, Canfield, Paddock and Stone* (by *Michael J. Hodge, Sherry L. Katz-Crank,* and *Clifford T. Flood*), for the defendants.

Before: Sawyer, P.J., and Kelly and Doctoroff, JJ.

Per Curiam. Defendants appeal by leave granted an order granting plaintiffs' motion to strike defendants' motion for summary disposition and imposing sanctions against defendants' attorney for using plaintiffs' mediation summary as an exhibit for defendants' motion for summary disposition. We affirm the motion to strike, but reverse the award of sanctions.

Plaintiff William Kitchen and defendant Robert Kitchen are brothers who were partners in Kitchen Farms, a Michigan partnership that owned real property and conducted a farming business. Each brother was also a fifty percent shareholder in Kitchen Farms, Inc., a Michigan corporation. On June 12, 1995, Wil-

liam Kitchen brought this action seeking the dissolution of the partnership and the corporation. Pursuant to an agreement between them, the brothers bid against each other to purchase the other's share in the farming business. William was the high bidder, and therefore purchased Robert's share of the business. Defendants refused to allow plaintiffs to use irrigation equipment that ran over defendants' property, which abutted the Kitchen Farms property. Plaintiffs' subsequently filed a supplemental complaint alleging that they should be entitled to use the irrigation equipment. Plaintiffs based their claim on the alternative theories of prescriptive easement, permanent license, and estoppel.

After a failed attempt at mediation, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(10) and requested sanctions pursuant to MCR 2.114(D)(3), (E). As support for their argument that plaintiffs had filed a frivolous claim, defendants pointed to the lack of law cited in plaintiffs' mediation summary and attached the summary to their motion as exhibit I. Plaintiffs filed a motion to strike defendants' motion for summary disposition, arguing that they had violated MCR 2.403(J)(4), which provides that, with respect to mediation governed by MCR 2.403, "[s]tatements by the attorneys and briefs or summaries are not admissible in any court or evidentiary proceeding." Plaintiffs also requested sanctions for the violation of this rule. Defendants responded that the purpose of the attachment was not relevant to the merits of plaintiffs' case, but rather to the motion for sanctions, and that the motion should therefore not be stricken. The lower court granted plaintiffs' motion to strike and dis-

missed defendants' motion without prejudice, noting that it could be refiled without reference to the substance of mediation. The court held that "the material simply should not have been provided" and that defendants' argument was inconsistent with the reading of the rule. Finally, the court sanctioned defendants' attorney, ordering him to pay for plaintiffs' travel time and the expenses related to the hearing and for the time and expense of redrafting the briefs.

Defendants first argue that the trial court erred as a matter of law in concluding that a mediation summary is not admissible in a judicial proceeding. They argue that, while a mediation summary generally is not admissible in a court proceeding on the merits of a plaintiff's claims, it is admissible for limited purposes, such as the determination whether a lawsuit is frivolous.

Our decision in this case turns on the interpretation of MCR 2.403(J)(4). Interpretation of a court rule is subject to the same basic principles that govern statutory interpretation. *Smith v Henry Ford Hosp*, 219 Mich App 555, 558; 557 NW2d 154 (1996). The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Smith v Globe Life Ins Co*, 223 Mich App 264; 565 NW2d 877 (1997). The Legislature is presumed to have intended the meaning it plainly expressed. *Id.* If the plain and ordinary meaning of the statutory language is clear, then judicial construction is neither necessary nor permitted. *Id.* Where two statutes address the same subject, they should be read harmoniously to give reasonable effect to both. *Beach v State Farm Mut Automobile Ins Co*, 216 Mich App 612, 629; 550 NW2d 580 (1996).

Defendants argue that an interpretation of MCR 2.403(J)(4) that prohibits the admission of a mediation summary for any purpose would mean that a court may never review a mediation summary, regardless of how outrageous the statements made in the summary. According to defendants, this would strip the court of its ability to enforce MCR 2.114, which applies to all documents filed pursuant to the court rules, including mediation summaries.

The Community Dispute Resolution Act, which governs mediation, provides:

> (1) The work product and case files of a mediator or center and communications relating to the subject matter of the dispute made during the dispute resolution process by a party, mediator, or other person are confidential and not subject to disclosure in a judicial or administrative proceeding except for either of the following:
>
> (a) Work product, case files, or communications for which all parties to the dispute resolution process agree in writing to waive confidentiality.
>
> (b) Work product, case files, or communications which are used in a subsequent action between the mediator and a party to the dispute resolution process for damage arising out of the dispute resolution process.
>
> (2) Subsection (1) does not apply to statements, memoranda, materials, and other tangible evidence, otherwise subject to discovery, that were not prepared specifically for use in the dispute resolution process. [MCL 691.1557; MSA 27.15(57).]

Because MCR 2.403(J)(4) and MCL 691.1557; MSA 27.15(57) apply to the same subject matter, we must interpret the court rule in a manner that gives reasonable effect to the plain language of each, giving effect to the meaning of the words as they ought to have been understood by those who adopted them. *McAu-*

*ley v General Motors Corp,* 457 Mich 513, 518; 578 NW2d 282 (1998). Therefore, we construe MCR 2.403(J)(4) as restricting the admission of mediation summaries in any court or evidentiary proceeding, except as provided in MCL 691.1557(1)(a) and (b); MSA 27.15(57)(1)(a) and (b). Because the present case was not an action between the mediator and a party to the dispute resolution process for damage arising out of the dispute resolution process, and there was no agreement in writing to waive confidentiality, the mediation summary was not admissible under MCR 2.403(J)(4). Therefore, the trial court did not abuse its discretion in granting plaintiffs' motion to strike defendants' motion for summary disposition.

Defendants argue that, because plaintiffs' mediation summary did not contain any information that was not already contained in documents filed with the court, plaintiffs were not prejudiced by its introduction. This rationale does not constitute a good reason to contravene the court rule. One of the purposes behind MCR 2.403(J)(4) is to facilitate settlement and to avoid litigation by allowing parties to be completely honest without fear that their statements or admissions will be subsequently used against them. Therefore, the lower court correctly determined that plaintiffs' mediation summary was improperly referenced in and attached to defendants' motion for summary disposition.

Defendants next argue that the trial court erred in imposing sanctions on defendants' attorney for attaching plaintiffs' mediation summary to their motion for summary disposition. We agree.

MCR 2.114 provides that every document filed with the court must be signed by the party or his attorney

and that the signature constitutes a certification by the signer that the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. MCR 2.114(E) provides in part:

> If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including attorney fees.

Any paper filed with the court, not just pleadings, may result in sanctions if it is improperly signed in violation of MCR 2.114. See *Bechtold v Morris*, 443 Mich 105, 108; 503 NW2d 654 (1993), and *People v Herrera (On Remand)*, 204 Mich App 333, 336; 514 NW2d 543 (1994). Although defendants violated MCR 2.403(J)(4) by attaching plaintiffs' mediation summary to their motion for summary disposition, there is no evidence that defendants filed their motion for any improper purpose. Therefore, the trial court erred in imposing sanctions on defendants under MCR 2.114.

We affirm the order granting plaintiffs' motion to strike, but reverse the trial court's award of sanctions and remand to the trial court for entry of an appropriate order. We do not retain jurisdiction.