KITCHEN v KITCHEN

Docket No. 212418. Submitted December 8, 1999, at Grand Rapids. Decided December 21, 1999, at 9:05.A.M. Leave to appeal sought.

William C. Kitchen, Kitchen Farms, Inc., and Kitchen Farms brought an action in the Antrim Circuit Court against Robert W. and Harriet A. Kitchen, seeking the dissolution of a partnership and a corporation involving William and Robert Kitchen. The plaintiffs amended their complaint to assert, under alternative theories of prescriptive easement, permanent license, and estoppel, a right to use irrigation equipment owned by the plaintiffs but located on the defendants' real property. An attempt at mediation failed. The defendants moved for summary disposition and for sanctions under MCR 2.114(D), attaching as an exhibit the plaintiffs' mediation summary in support of the defendants' argument that the plaintiffs' claim was frivolous. The plaintiffs moved to strike the defendants' motion for summary disposition and for sanctions against the defendants, contending that the attached exhibit violated MCR 2.403(J)(4). The court, Philip E. Rodgers, Jr., J., granted the plaintiffs' motion, dismissing the defendants' motion for summary disposition and sanctioning the defendants' attorney for attaching the exhibit to the defendants' motion for summary disposition. The Court of Appeals, SAWYER, P.J., and KELLY and DOCTOROFF, JJ., affirmed the trial court's order granting the motion to strike, reversed the award of sanctions, and remanded the case. 231 Mich App 15 (1998). On remand, the defendants refiled their motion for summary disposition and for sanctions. The court, Thomas G. Power, J., granted summary disposition to the defendants, ruling that the plaintiffs' action was frivolous inasmuch as the causes of action had no basis in law or fact. The court, after an evidentiary hearing, awarded attorney fees and costs to the defendants as sanctions for the frivolous action. The plaintiffs appealed.

The Court of Appeals held:

1. The plaintiffs abandoned their claim of prescriptive easement by not challenging the dismissal of this claim on appeal.

2. The plaintiffs' claims of permanent license and estoppel are without merit. It is well settled in Michigan that an interest in land may not rest on an oral promise or estoppel.

3. The trial court did not clearly err in finding that the plaintiffs' supplemental complaint was not well grounded in fact or law, and it did not abuse its discretion in awarding attorney fees and costs to the defendants as sanctions for the plaintiffs' frivolous complaint. The imposition of sanctions under MCR 2.114 is mandatory upon a finding that a pleading was signed in violation of the court rule. The record demonstrates that the trial court considered the guidelines set forth in *Crawley v Schick*, 48 Mich App 728 (1973), for awarding attorney fees and that it made adjustments and awarded a setoff to the plaintiffs in response to their objections and concerns.

Affirmed.

PROPERTY — REAL PROPERTY — PERMANENT LICENSES — ORAL PROMISES — EQUITABLE ESTOPPEL.

An interest in land, such as a permanent license, may not rest on an oral promise or estoppel.

*Fraser Trebilcock Davis & Foster, P.C.* (by *Mark R. Fox* and *Graham K. Crabtree*), for the plaintiffs.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Michael J. Hodge* and *Sherry L. Katz-Crank*), for the defendants.

Before: MURPHY, P.J., and HOOD and NEFF, JJ.

PER CURIAM. Plaintiffs appeal as of right, challenging the trial court's order granting defendants' motion for summary disposition and thereby dismissing all counts in plaintiffs' supplemental complaint. Plaintiffs also challenge the trial court's decision awarding defendants their attorney fees and costs in the net amount of $69,719.40, as a sanction for plaintiffs' filing a frivolous complaint. We affirm.

The facts underlying this litigation are briefly set forth in our earlier decision in *Kitchen v Kitchen*, 231 Mich App 15, 16-17; 585 NW2d 47 (1998):

Plaintiff William Kitchen and defendant Robert Kitchen are brothers who were partners in Kitchen Farms, a Michi-

gan partnership that owned real property and conducted a farming business. Each brother was also a fifty percent shareholder in Kitchen Farms, Inc., a Michigan corporation. On June 12, 1995, William Kitchen brought this action seeking the dissolution of the partnership and the corporation. Pursuant to an agreement between them, the brothers bid against each other to purchase the other's share in the farming business. William was the high bidder, and therefore purchased Robert's share of the business. Defendants refused to allow plaintiffs to use irrigation equipment that ran over defendants' property, which abutted the Kitchen Farms property. Plaintiffs' [sic] subsequently filed a supplemental complaint alleging that they should be entitled to use the irrigation equipment. Plaintiffs based their claim on the alternative theories of prescriptive easement, permanent license, and estoppel.

In the prior appeal in this matter, this Court affirmed the trial court's order granting plaintiffs' motion to strike defendants' motion for summary disposition because defendants had improperly attached to the motion a copy of plaintiffs' mediation summary, contrary to MCR 2.403(J). After the matter was remanded, defendants refiled their motion for summary disposition. The original trial judge, Philip E. Rodgers, Jr., recused himself from hearing the motion because he had previously viewed the mediation summary attached to defendants' first motion and wished to avoid any appearance of impropriety. The second motion was heard by Judge Thomas G. Power, who granted the motion with regard to each of the three counts in plaintiffs' supplemental complaint. The case was then returned to Judge Rodgers, who granted defendants' motion for sanctions on the basis of his determination that plaintiffs' lawsuit was frivolous, because the causes of action alleged had no basis in law or fact. Following an evidentiary hearing, the

court awarded defendants as sanctions their attorney fees and costs in the net amount of $69,719.40.

Plaintiffs first claim that the trial court erred in granting defendants' motion for summary disposition. We disagree. This Court reviews a decision on a motion for summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). Although the trial court did not explicitly state under which subrule of MCR 2.116(C) summary disposition was granted, because the court looked beyond the pleadings when granting the motion, it is clear that summary disposition was granted pursuant to MCR 2.116(C)(10). A motion under MCR 2.116(C)(10) tests the factual support for a plaintiffs' claim. *Spiek, supra*. The court considers the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted in the action to determine whether a genuine issue of any material fact exists to warrant a trial. *Id.* An appellate court must make all reasonable inferences in the nonmoving party's favor. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 618; 537 NW2d 185 (1995).

Count one of plaintiffs' complaint alleged a prescriptive easement. Plaintiffs have abandoned their claim of prescriptive easement by not challenging the dismissal of this claim on appeal. *In re JS & SM*, 231 Mich App 92, 98; 585 NW2d 326 (1998). Counts two and three of plaintiffs' complaint alleged claims of a permanent license and estoppel. Plaintiffs have combined their arguments regarding these two claims on appeal, contending that sufficient evidence was presented to support their position that an irrevocable license was created when they made expenditures of capital in reasonable reliance on defendant Robert

Kitchen's oral promise that an adjacent irrigation system could run over the northerly portion of his homestead property in perpetuity.

We find no merit to plaintiffs' position. It is now well settled in Michigan that an interest in land may not rest on an oral promise or estoppel. *Bentley v Cam*, 362 Mich 78, 84; 106 NW2d 528 (1960); *McVannel v Pure Oil Co*, 262 Mich 518, 526-527; 247 NW 735 (1933); *Nowlin Lumber Co v Wilson*, 119 Mich 406, 411-412; 78 NW 338 (1899); *Wood v Michigan Air Line Co*, 90 Mich 334, 339; 51 NW 263 (1892); *Attorney General ex rel Dep't of Natural Resources v Cheboygan Co Bd of Co Rd Comm'rs*, 217 Mich App 83, 90; 550 NW2d 821 (1996). Thus, plaintiffs' reliance on past authority suggesting that the doctrine of equitable estoppel may be applicable under these circumstances is misplaced. See *Morrill v Mackman*, 24 Mich 279, 280-281; 9 Am Rep 124 (1872).

Plaintiffs' reliance on *Yagiela v Detroit Edison Co*, 42 Mich App 77; 201 NW2d 359 (1972), is also misplaced. Although this Court in *Yagiela* stated that it was possible for the defendants to establish an irrevocable license, the decision in that case was predicated on the existence of a written right of way permit allowing the defendant to position its lines over the plaintiffs' property. Here, it is undisputed that there is no written document purporting to establish an irrevocable license. Similarly, plaintiffs may not rely on *Forge v Smith*, 458 Mich 198, 210-211; 580 NW2d 876 (1998), in support of their argument that "a license may become irrevocable when coupled with an interest in property," because they have not demonstrated "an interest in a *chattel personal located on the land* with respect to which the license exists." *Id.* at 211

(emphasis in original). Likewise, in both *Stevens v City of Muskegon*, 111 Mich 72; 69 NW 227 (1896), and *Hunter v Slater*, 331 Mich 1; 49 NW2d 33 (1951), sufficient written evidence existed to establish a permanent license. We find it unnecessary to consider plaintiffs' cited cases from other jurisdictions because, as our Supreme Court stated in *Nowlin Lumber, supra* at 412, "[a]s our own cases settle this question, it is unnecessary to discuss at length cases from other States."

Accordingly, accepting as true plaintiffs' claim that an alleged oral promise was made, the trial court did not err in determining that plaintiffs were nevertheless foreclosed from prevailing under a theory of irrevocable license by estoppel as a matter of law. Therefore, summary disposition was properly granted. *Bertrand, supra* at 618.

Next, the trial court did not err in finding that plaintiffs' supplemental complaint was frivolous. *Schadewald v Brulé*, 225 Mich App 26, 41; 570 NW2d 788 (1997); *LaRose Market Inc v Sylvan Center, Inc*, 209 Mich App 201, 210; 530 NW2d 505 (1995); MCL 600.2591(3)(a); MSA 27A.2591(3)(a); MCR 2.114(D). The trial court's determination that plaintiffs' complaint was not well grounded in fact or law is not clearly erroneous. *In re Pitre*, 202 Mich App 241, 243-244; 508 NW2d 140 (1993); MCR 2.613(C).

Finally, the trial court did not abuse its discretion in its award of attorney fees and costs as sanctions for filing a frivolous complaint. *Maryland Casualty Co v Allen*, 221 Mich App 26, 32; 561 NW2d 103 (1997). The imposition of sanctions under MCR 2.114 is mandatory upon a finding that a pleading was signed in violation of the court rule. *In re Forfeiture*

*of Cash & Gambling Paraphernalia*, 203 Mich App 69, 73; 512 NW2d 49 (1993). The record demonstrates that the trial court considered the guidelines set forth in *Crawley v Schick*, 48 Mich App 728, 737; 211 NW2d 217 (1973), see also *Morris v Detroit*, 189 Mich App 271, 278-279; 472 NW2d 43 (1991), and adequately responded to plaintiffs' objections. Adjustments were made in response to some of the concerns advanced by plaintiffs, and the court also awarded plaintiffs a setoff to compensate them for time spent in reviewing defendants' documentation. Plaintiffs failed to support their allegations that either the billing rates or number of hours were excessive with any documentary evidence. Accordingly, we conclude that plaintiffs have not demonstrated that the trial court's award of sanctions was grossly unfair or an abuse of the court's discretion. *Maryland Casualty Co, supra* at 32.

Affirmed.