# STATE OF MICHIGAN

# COURT OF APPEALS

---

TAIZHOU GOLDEN SUN ARTS & CRAFTS, CO. LTD.,

               Plaintiff-Appellant/Cross-Appellee,

v

COLORBÖK, LLC, BRUCE LAZEAR, CHARLES MCGONIGLE, MARY JO MANLY, and GEARY PRIEHS,

               Defendants-Appellees/Cross-Appellants,

and

COLORBÖK, INC,

               Defendant.

UNPUBLISHED
August 18, 2015

No. 320129
Washtenaw Circuit Court
LC No. 12-001096-CK

---

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

PER CURIAM.

This appeal arises out of a business arrangement under which a Chinese corporation, Taizhou Golden Sun (Taizhou), contracted with a Michigan corporation, Colorbök Inc, to manufacture toys for customers. Colorbök Inc failed and was foreclosed on by a bank, which then resold Colorbök Inc's assets to a successor, Colorbök LLC, leaving a substantial amount of money owed and unpaid to Taizhou, which had already shipped the contracted-for toys directly to Colorbök Inc's customers. Taizhou filed suit seeking to recover the debt. The debt itself is not disputed, but Colorbök Inc has no assets, and Colorbök LLC denies any obligation to pay the assets of its predecessor. The trial court found in favor of Colorbök LLC and the former officers of Colorbök Inc. We reverse and remand.

The relationship between Taizhou and Colorbök Inc began in 2006 under an agreement that entailed Taizhou sending the plush toys it manufactured directly to Colorbök Inc's customers, and Colorbök Inc would pay Taizhou for the toys when Colorbök Inc was itself paid by the customers. Colorbök Inc entered into a contract with Wal-Mart in 2010. Wal-Mart was Colorbök Inc's largest customer in 2011, amounting to 38.4% of its net sales, which generated in

-1-

excess of $15 million. From May to August of 2011, Colorbök Inc ordered $2.5 million in plush toys, and Taizhou honored its end of the deal. However, Colorbök Inc struggled financially for many years and had difficulty fulfilling its payments to Taizhou. For a time, Taizhou set up payment plans for Colorbök Inc, and Colorbök Inc sometimes paid interest on those plans. Nonetheless, in March of 2012, Colorbök's secured creditor, Fifth Third Bank, foreclosed on its loan agreements. Colorbök Inc owed approximately $2,750,000 to its secured lenders, Fifth Third Bank and FdG Associates, and possessed assets worth substantially less than that.

By that time, Colorbök Inc and its officers had already been seeking to sell Colorbök Inc. At the end of 2011, Colorbök Inc had hired Lazear Capital Partners Ltd (Lazear) as a consultant to help find a buyer, and in January of 2012 Colorbök Inc's officers began negotiating for the purchase of Colorbök Inc's assets. In certain emails, it was expressed that they wished to continue to use the name "Colorbök" to have "some brand recognition" and "so our customers never see the difference."

On February 10, 2012, Colorbök Inc sent Wal-Mart a letter regarding the corporate restructuring and organization of Colorbök Inc. The letter explained that Colorbök Inc intended to transfer all of its business assets to Colorbök LLC, which would be owned and operated by current executives of Colorbök Inc. Colorbök Inc asked Wal-Mart to consent to the assignment from Colorbök Inc to Colorbök LLC, provided that Colorbök LLC would assume any of Colorbök Inc's obligations under the agreements between Wal-Mart and Colorbök Inc. Notably, the agreement with Wal-Mart provided that Wal-Mart could cease its relationship with Colorbök Inc should purchase orders (presumably fulfilled by Taizhou) not be received on time. Therefore, Taizhou's reliability was arguably one of the most crucial aspects to allow Colorbök Inc (then Colorbök LLC) to maintain its relationship with Wal-Mart.

Meanwhile, Taizhou continued to entreat Colorbök Inc regarding outstanding payments. Defendant Charles McGonigle (a former officer) explained on February 16, 2012, that Colorbök Inc could not pay because Fifth Third Bank was in control of the company, but he "hop[ed] to get a new buyer for the business and then have them absorb the agreements I have made with all our vendors." Later that month another defendant, Mary Jo Manly/former officer, advised Lazear that she would prefer Colorbök LLC to use a different law firm because "[w]hen people make successor in interest liability claims, the more distance we can have the better." In early March of 2012, Colorbök LLC acquired Colorbök Inc's intellectual property and announced itself as a new entity in partnership with Lazear. Later that month, McGonigle advised Taizhou of the "situation" and asked "to understand the situation not to like it." Manly transmitted a list of invoices worth almost $1.4 million that Colorbök Inc owed to Taizhou and explained that they would not be paid because Fifth Third Bank had sold the company's assets. Wal-Mart was the recipient of over $1 million of products sent by Taizhou on behalf of Colorbök Inc.

Taizhou was not notified of the foreclosure sale or the creation of Colorbök LLC until after they had occurred. Taizhou received this information when Colorbök Inc sent a letter on March 8, 2012, to its creditors explaining the foreclosure, informing them that Fifth Third Bank sold assets for less than the amount owed under the loans, and disclosing that it did not anticipate any payment to other creditors. The letter also included that Colorbök Inc would be dissolved, but it did not include any mention of the new partnership with Lazear or the formation of Colorbök LLC. Taizhou obtained a judgment against Colorbök Inc, but Colorbök Inc has not

paid the judgment, and as noted, Taizhou sent its products directly to Colorbök Inc's customers. Also as noted, Colorbök Inc's debt to Taizhou is undisputed.

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When reviewing a motion under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint, this Court considers all evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition only where the evidence fails to establish a genuine issue regarding any material fact. *Id*. at 120. A motion brought under MCR 2.116(C)(8) should be granted only where the complaint is so legally deficient that recovery would be impossible even if all well-pleaded facts were true and construed in the light most favorable to the non-moving party. *Id*. at 119. Only the pleadings may be considered when deciding a motion under MCR 2.116(C)(8). *Id*. at 119-120. "When reviewing a grant of equitable relief, an appellate court will set aside a trial court's factual findings only if they are clearly erroneous, but whether equitable relief is proper under those facts is a question of law that an appellate court reviews de novo." *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197; 747 NW2d 811 (2008).

Taizhou argues first that Colorbök LLC is a mere continuation of Colorbök Inc and liable as a successor for Colorbök Inc's debts. A successor company is generally not liable for the obligations of the predecessor company. *Turner v Bituminous Cas Co*, 397 Mich 406, 426-431; 244 NW 2d (1976). However, "successor liability is derived from equitable principles." *Lakeview Common Ltd Partnership v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). One of the recognized exceptions to the general rule of successor non-liability is "where the transferee corporation was a mere continuation or reincarnation of the old corporation." *Foster v Cone-Blanchard Machine Co*, 460 Mich 696, 702; 597 NW2d 506 (1999) (internal quotation omitted); *Turner*, 397 Mich at 426-431. We believe that the evidence clearly shows that there is, at a minimum, a genuine factual dispute as to whether Colorbök LLC is a mere successor to Colorbök Inc. However, the relevant successor liability rule is simply not available here because this is not a products liability action. *Starks v Michigan Welding Specialists, Inc.*, 477 Mich 922; 722 NW2d 888 (2006).[1]

Taizhou raises other equitable claims of promissory estoppel and unjust enrichment. To prove a promissory estoppel, a plaintiff must prove: "(1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promise, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided." *Novak v Nationwide Mut Ins Co*, 235 Mich App 675, 686-87; 599 NW2d 546, 552 (1999). Unjust enrichment may be established by proving "(1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by the defendant." *Sweet Air Inv, Inc v Kenney*, 275 Mich App 492, 504; 739 NW2d 656 (2007) (internal quotation omitted).

---

[1] We appreciate the concerns expressed by our concurring colleague, but we conclude that they would be preferable for them to be addressed by our Supreme Court.

Taizhou's promissory estoppel claim must fail, for several reasons. First, it would be technically impossible for Colorbök LLC to have "promised" anything to anyone prior to actually coming into existence. Second, while communications made to Taizhou on behalf of one or the other Colorbök entities may have been misleading, and likely intentionally so, strictly speaking those communications expressed hopes rather than true promises. Finally, Taizhou had *already* sent the plush toys to Colorbök Inc's customers by the time the alleged promises were made, so even if they were promises, they did not induce Taizhou to act.

In contrast, we are persuaded that summary disposition was inappropriate regarding Taizhou's unjust enrichment claim. The products Taizhou made were not shipped directly to either Colorbök entity and were never technically "assets" thereof. Consequently, there is merit to Colorbök LLC's argument that it paid fair value to Fifth Third Bank for the assets it received; at the very least, it did not come into possession of any physical assets from Taizhou for which it did not pay. However, that is a disingenuously superficial argument under the circumstances. It should be obvious that Colorbök LLC would have been functionally worthless if it could not maintain or enter into further business relationships with any entity willing to pay *it* any money. Physical assets are not the only thing of value that can be acquired. In this case, it is manifestly apparent that Colorbök LLC owes a significant part of its continued existence to Taizhou honoring its side of its contracts with Colorbök Inc. In other words, Colorbök LLC has indeed received and not paid for an enormous benefit at substantial cost to Taizhou, and we conclude that it would be clearly inequitable to Taizhou for Colorbök LLC to retain that benefit without compensating Taizhou. The trial court erred in granting summary disposition as to Taizhou's unjust enrichment claim.

Regarding Taizhou's claims against the individual defendants, claims for silent fraud and fraudulent misrepresentation both require, *inter alia*, that a plaintiff reasonably rely on an untruth produced, affirmatively or by omission, by a defendant. See *Alfiere v Bertorelli*, 295 Mich App 189, 193-194; 813 NW2d 772 (2012). The evidence does not support a conclusion that Taizhou reasonably relied on any misrepresentation, either by affirmative statement or by omission, made by any of the individual defendants. The alleged misrepresentations concern Colorbök Inc's impending insolvency. Irrespective of whether any of the named defendants *should* have told anyone at Taizhou that Colorbök Inc was about to become insolvent, Taizhou had already shipped its products before the alleged misrepresentations were made, and Taizhou was already aware that Colorbök Inc was suffering financial difficulties. To the extent Taizhou delayed the commencement of any legal action, we find no support for any conclusion that Taizhou impaired its position or prejudiced its claims by doing so. Taizhou's remaining claims against the individual defendants are all in some way derivative of the above claims. The trial court properly granted summary disposition in the individual defendants' favor.

Taizhou next argues that the trial court granted summary disposition prematurely instead of granting its request to compel discovery of certain documents. We review a motion to compel discovery for an abuse of discretion. *Cabrera v Ekema*, 265 Mich App 402, 406; 695 NW2d 78 (2005). The documents Taizhou seeks would allegedly contradict any assertion that Colorbök Inc ceased all business operations on March 8, 2012. In light of our discussions above, we simply do not perceive any benefit that Taizhou could derive from any such documents, if indeed they actually exist. We therefore likewise perceive no basis for reversing the trial court's denial of Taizhou's motion to compel.

On cross-appeal, defendants assert that the trial court erred when it denied their motions for sanctions, alleging that Taizhou violated MCR 2.114(D)(2) by filing an amended complaint without factual support. This Court reviews a trial court's ruling on a motion for sanctions for an abuse of discretion. *Edge v Edge*, 299 Mich App 121, 127; 829 NW2d 276 (2012). We decline to reach the merits of whether sanctions are proper, however, because we agree with defendants that the trial court never actually decided that the court rule had been violated. While it might be possible to draw such an inference, the trial court merely ruled that it was denying sanctions. A trial court must indicate why it is granting or denying a motion for sanctions when a pleading has been filed under MCR 2.114(D). *In re Forfeiture of Cash and Gambling Paraphernalia*, 203 Mich App 69, 73; 512 NW2d 49 (1993). On remand, the trial court shall make that determination and explain why it concludes that the court rule was or was not violated, and either impose or refuse sanctions accordingly. Finally, because we are remanding this matter, we decline to address whether any grants of summary disposition should have been with or without prejudice.

In summary, we reverse the trial court's grant of summary disposition in favor of Colorbök LLC as to Taizhou's unjust enrichment claim and remand this matter to the trial court accordingly; on remand, the trial court shall clarify and, if it deems necessary, correct its ruling on defendants' motion for sanctions. In all other respects, we affirm. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause